JAMES T. RUDDELL

*v.*

BENJAMIN WREN *et al.*

*Opinion filed April 20, 1904.*

1. WILLS—*when party takes no interest under a will.* A will giving a life estate to the testator's daughter, with remainder, in case she dies without leaving a child, to the testator's brothers and sisters, and in case any of the latter are dead at the time of the daughter's death the share of any such to go to his or her children, passes no interest to a child of a brother who died before the death of the testator, there being no provision for such contingency.

2. SAME—*when remainder is contingent.* A remainder to the brothers and sisters of the testator in case of death of the life tenant without leaving children is contingent, where it is further provided by the will that in case of the death of any brother or sister before the death of the life tenant the share of such deceased brother or sister shall go to his or her children, not by descent, but as purchasers under the will.

3. PARTITION—*remainder-men not entitled to partition while remainder is contingent.* Partition of an estate in remainder subject to the life estate cannot be had if the persons in whom the remainder will vest cannot be definitely ascertained until death of the life tenant.

4. SAME—*when complainant is not entitled to partition.* Under section 1 of the Partition act, providing that where lands are held in tenancy in common any person interested therein may compel a partition, a person is not entitled to partition unless he can show that he owns an interest as tenant in common with defendants.

APPEAL from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

This is a bill, filed in the circuit court of Adams county by James T. Ruddell in his own right against the appellees for the partition of some two hundred and fifteen acres of land in that county. A demurrer was filed to the bill and sustained, and a decree was entered dismissing the bill for want of equity. The present appeal is prosecuted from such decree of dismissal. The allegations of the bill are substantially as follows:

One Nicholas Wren died testate on September 23, 1901, seized in fee of the land here in controversy, and leaving, as his only child and heir-at-law, his daughter, Elnora Alice Alkire. By the terms of the will the appellant, James T. Ruddell, was appointed executor. Nicholas Wren had no other child or children than the said Elnora Alice Alkire, nor descendants of any deceased child or children. The will was admitted to probate in the county court of Adams county on November 19, 1901, and appellant qualified as such executor, and has been since, and is still, acting as executor of said will.

After provision is made in the first clause for the payment of the funeral expenses and debts, the second and third clauses are as follows:

"*Second*—I give, devise and bequeath unto my beloved daughter, Elnora Alice Alkire, all the real and personal property that I may own wherever situated at the time of my death for and during her natural life, subject, however, to the condition and provision that she (my said daughter) shall never encumber said real estate or any part thereof by mortgage or any otherwise.

"*Third*—After the death of my said daughter, it is my will that, if she shall leave her surviving any child or children, that such child or children shall have, and I do hereby give, devise and bequeath to him, her or them in equal parts, if there be more than one child, all of my real estate and personal property; and in case my said daughter shall die without leaving any child or children, then and in that event I give, devise and bequeath in

equal parts, share and share alike, all my real and personal estate to my brothers and sisters, and in case any one or more or all of them shall be dead at the time of the death of my said daughter, then the share of such deceased brother or sister shall go to and be equally divided among his or her children, share and share alike." Elnora Alice Alkire, at the time of the filing of the bill, was past the age of fifty years.

As is alleged in the bill, Nicholas Wren left him surviving three brothers and four sisters, namely, Benjamin Wren, Thomas Wren, Andrew J. Wren, Millie Lowe, Avarilla Wood, Jennie Burton and Sarah Wible, and no others; there were two brothers and two sisters who died before the testator, Nicholas Wren, died, to-wit, John Wren, Washington Wren, Lizzie Ballard and Drusilla Smith; the two brothers and the two sisters, who predeceased the testator, Nicholas Wren, left children and grandchildren, all of whom are shown by an exhibit to the bill, and all of which children and grandchildren, as well as the brothers' and sisters, are parties defendant to the bill; the interests, alleged to be owned by them, are set out in the bill; Elnora Alice Alkire, the life tenant mentioned in the will, has no child or children, never has had any, and probably never will have; all the shares set forth in the bill are alleged to be subject to the life estate of the appellee, Elnora Alice Alkire. Among the children of John Wren, deceased, a brother of the testator, Nicholas Wren, who died before the testator, Nicholas Wren, is a daughter, named Euphemia E. Bramlet, alleged in the bill to be the owner of 6/660ths of the premises in question; on April 1, 1902, said Euphemia E. Bramlet executed a quit-claim deed, as a widow, and as a daughter of John Wren, deceased—John Wren being a deceased brother of Nicholas Wren—conveying to Mrs. Robert S. Alkire (Elnora Alice Alkire) all her right, title and interest in and to the lands described in the bill; on June 10, 1902, Elnora Alice Alkire and R. S. Alkire, her

husband, executed a quit-claim deed, conveying to the appellant, James T. Ruddell, all their interest in the land described in the bill, reserving, however, to the grantor, Elnora Alice Alkire, a life estate in and to the said real estate, thereby intending to convey the same interest, theretofore received by deed from Euphemia E. Bramlet; by virtue of these deeds the appellant, complainant below, claims to be the owner of 6/660ths of the premises in question, and alleges that he is a tenant in common with the brothers and sisters of the deceased testator, and with the children and grandchildren of those brothers and sisters of the deceased testator, who died before the testator died, all subject, however, to the life estate of the said Elnora Alice Alkire.

WALTER BENNETT, for appellant.

U. H. KEATH, and VANDEVENTER & WOODS, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

All the interests of the parties to this proceeding, claiming to be the owners as tenants in common of the premises sought to be partitioned, are admitted to be subject to the life estate of the testator's daughter, Elnora Alice Alkire. Undoubtedly, reversioners and remainder-men, owning interests in fee in land subject to an unexpired life estate, are entitled to partition. (*Scoville* v. *Hilliard*, 48 Ill. 453; *Drake* v. *Merkle*, 153 id. 318.) But we are of the opinion that the appellant here, complainant below, was not entitled to partition, and that his bill was properly dismissed by the chancellor for the reasons hereinafter stated.

*First*—Section 1 of the Partition act provides "that when land, tenements or hereditaments are held in * * * tenancy in common * * * any one or more of the persons interested therein may compel a partition thereof,"

etc. (3 Starr & Curt. Ann. Stat.—2d ed.—p. 2912.) The
appellant was, therefore, required, in order to entitle
himself to a partition of the premises, to show that he
was the owner of an interest therein as tenant in common
with the parties against whom the partition is sought.
The appellant has no such interest in the land here in
controversy. The daughter of the testator is given a life
estate; after the expiration of the life estate her sur-
viving children, if she leaves any, take the property,
but, in case she dies without any children, then the prop-
erty is given to the brothers and sisters of the testator,
with the provision that, in case any one or more of such
brothers and sisters shall be dead at the time of the
death of his said daughter, then the share of such de-
ceased brother or sister shall go to and be equally divi-
ded among his or her children, share and share alike.
The exact language of the will is, "then and in that
event I give, devise and bequeath in equal parts, share
and share alike, all my real and personal estate to my
brothers and sisters." The bill alleges that the testator,
Nicholas Wren, left him surviving three brothers and four
sisters, naming them, and the demurrer admits this al-
legation to be true. These three brothers and four sis-
ters were all living at the death of the testator. It is
these brothers and sisters, or their children, who are to
take, in case the life tenant shall die without issue. The
will makes no provision for the children or grandchil-
dren of the brothers and sisters of the testator, who died
before his death. "A will takes effect at the death of the
testator." (*Scofield* v. *Olcott*, 120 Ill. 362.) The brothers
and sisters referred to, who were to take, were the broth-
ers and sisters, who should be alive at the death of the
testator. The only interest, which the appellant, the
complainant below, has in the land, sought to be divided,
is such interest as he obtained through the deed, exe-
cuted by Euphemia E. Bramlet; but Euphemia E. Bram-
let was the daughter of John Wren, a brother of Nicholas

Wren, the testator, who died before the testator. Euphemia E. Bramlet, therefore, had no interest whatever to convey, nor can she, in any event or under any circumstances, take any interest in the property under the will of the testator. When a man makes a devise to his brothers and sisters surviving him at the time of his death, he does not include in such devise his nephews and nieces, or grand-nephews and grand-nieces, who are the children of brothers and sisters, who have died before the date of his own death.

*Second*—The remainder, which was to go under the third clause of the will of Nicholas Wren to his brothers and sisters, or the children of any of them, after the death of his daughter without issue, cannot be regarded as otherwise than a contingent remainder. If it is a contingent remainder, and not a vested remainder, then there can be no partition made at this time of the premises in controversy.

The third clause of the will reads in part as follows: "After the death of my said daughter it is my will that, if she shall leave her surviving any child or children that such child or children shall have and I do hereby give, devise and bequeath to him, her or them in equal parts, if there be more than one child, all of my real estate and personal property; and in case my said daughter shall die without leaving any child or children, then and in that event I give, devise and bequeath in equal parts, share and share alike, all my real and personal estate to my brothers and sisters." If the portion thus quoted were all of the third clause, then the four sisters and three brothers of the testator, who were alive when he died, would have taken immediately upon his death a vested estate, subject to open up and let in the children of the life tenant, in case she should have children. In other words, the remainder to the brothers and sisters would have been a vested remainder. A vested remainder has been defined by this court as follows: "A vested

remainder is an estate to take effect after another estate for years, life or in tail, which is so limited that, if that particular estate were to expire or end in any way at the present time, some certain person, who was *in esse* and answered the description of the remainder-man during the continuance of the particular estate, would thereupon become entitled to the immediate possession, irrespective of the concurrence of any collateral contingency." (*Boatman* v. *Boatman,* 198 Ill. 414). In the case of *Boatman* v. *Boatman, supra;* it was held that a devise of the residue of the testator's property to his eight children share and share alike, except that the share of one son should be a life estate only, the remainder in fee to go to any child or children surviving him, or if he left no child or children, then to his brothers and sisters, created a vested remainder in such brothers and sisters, regardless of the fact that children might thereafter be born to the life tenant, and the remainder be thereby divested. In case the third clause of the will of Nicholas Wren had contained nothing except the portion last above quoted, then the brothers and sisters of Nicholas Wren, living at the time of his death, would be the only persons *in esse,* who could answer the description of remainder-men. The mere fact, that children might afterwards be born to Elnora Alice Alkire and might survive her, would not render the interest of the brothers and sisters of the testator living at the time of his death contingent. Such brothers and sisters at the death of the testator would have become seized of a vested remainder in the land in which the daughter had a life estate. The remainder would have been liable to be divested by the birth of a child to Elnora Alice Alkire, who should survive her. To the same effect also is the recent case of *Chapin* v. *Nott,* 203 Ill. 341. In the latter case, it was held that a deed to the grantee and the heirs of her body, and in the event of her death without issue, the land to revert to three named persons in being, passed a vested remainder

to such persons, subject to defeasance by the birth of issue to the grantee, and, if any of such persons died before the grantee, her interest passed to her heirs.

But the third clause of the will here under consideration, in addition to the portion so last quoted and commented upon, ends as follows: "And in case any one or more or all of them shall be dead at the time of the death of my said daughter, then the share of such deceased brother or sister shall go to and be equally divided among his or her children, share and share alike." This language makes the remainder, which was to go to the brothers and sisters, or, in case of the death of any of them, to the children of those dying, a contingent remainder. "A contingent remainder is one limited to take effect either to a dubious and uncertain person, or upon a dubious and uncertain event." (2 Blackstone's Com. 168; *Haward* v. *Peavey*, 128 Ill. 430; *Thompson* v. *Adams*, 205 id. 552). The remainder, which is devised to take effect upon the death of the life tenant, Elnora Alice Alkire, without leaving any child or children, is to dubious and uncertain persons. If the brothers and sisters of the testator, who were alive when he died, survive the life tenant, Elnora Alice Alkire, she leaving no child or children, they become entitled to the estate; but their title is conditional upon their being alive at the time of Elnora's decease. If either one of the brothers and sisters is dead at the time of the decease of the life tenant, his or her share is to go to his or her children. As it is uncertain whether either one or more of the brothers and sisters of the testator will die before the death of the life tenant, it is uncertain whether the shares of the brothers and sisters will belong to them, or to such children of theirs as may be alive when the life tenant dies. So, also, the title of the child or children of any·brother or sister, who may be dead at the time of the death of the life tenant, is conditional upon such child or children surviving the parent. The facts of this case thus bring it within the

doctrine of the case of *Thompson* v. *Adams, supra.* In the latter case the will provided as follows: ";Fourth—And upon the death of my said wife, Elizabeth Adams, while she remains my widow, then and in that event it is my will, and I hereby order and direct that my said estate, both real and personal, then remaining, be then equally divided between my said two daughters, Elizabeth Rebecca Adams and Emma Matilda Thompson, wife of said Charles Francis Thompson, or the survivor of them, their heirs and legal representatives, share and share alike. Fifth—In the event of the death of either one of my said daughters, leaving a child or children her surviving, during the lifetime of my said wife, Elizabeth Adams, then the entire distributive share so bequeathed to such deceased daughter hereunder shall at once, upon the death of my said wife, Elizabeth Adams, descend and pass to the surviving child or children of such deceased daughter forever, share and share alike;" and, in interpreting the fourth and fifth clauses of the will as thus quoted, it was there held that remainders which, in case of the death of the life tenant without re-marrying, were to go to her daughters, who survived her, and to grandchildren, who survived their parents, but whose parents died before the grandparent, the widow, were contingent.

There is a manifest uncertainty as to the persons, who will be ultimately entitled to the remainder of the estate of Nicholas Wren at the time of Mrs. Alkire's death, in case she die without child or children. The brothers and sisters of the testator are by the express terms of the will not to take the estate, unless they survive Mrs. Alkire's death, and she leaves no issue; and if they do not survive her death, the children of such, as are dead at that time, take their parent's share as purchasers under the will, and not by descent from their parent. (*Bates* v. *Gillett,* 132 Ill. 287). It follows that the remainder cannot be properly partitioned before the death of Mrs. Alkire, because any brother or sister of the

testator, who dies in her lifetime, can take nothing in the remainder if she afterward die without issue; and the children of such brother or sister so dying will not take anything by descent, as the will expressly directs that the children of such deceased brother or sister shall in such case take the parent's share, not by descent from their father or mother, but from the testator directly, and as purchasers, under the will.   The uncertainty as to the individuals, who shall thus take and enjoy the remainder at Mrs. Alkire's death, if she leave no child or children, distinguishes the case at bar from the case of *Boatman* v. *Boatman, supra.*   The rights and interests of the parties interested cannot be declared in a decree for partition made before Mrs. Alkire's death. ʻSuppose such decree should now be entered, and one of the brothers and sisters of the testator, living at the time of his decease, should be dead at the time of Mrs. Alkire's death, the decree would not be binding upon the child or children of such deceased brother or sister.   The third clause expressly provides that "then," that is to say, at the death of Mrs. Alkire, (*Strain* v. *Sweeny*, 163 Ill. 603,) the share of such deceased brother or sister shall go to and be equally divided among his or her children "share and share alike;" and, this being so, such children, not being parties to this suit nor represented here, would not be bound by the decree for partition.

Even, therefore, if this partition proceeding were begun by one of the devisees under the will, who holds an interest as a tenant in common, it could not be maintained, because the remainder to go to the brothers and sisters or their children is a contingent one, and the persons who are to take that remainder, at the death without issue of Mrs. Alkire, are uncertain, and cannot now be ascertained.

For these reasons the decree of the circuit court, dismissing the bill, is affirmed.     *Decree affirmed.*