KATHERINE WICKER, APPELLANT, V. MYRTLE MOORE ET AL., APPELLEES.

FILED JULY 12, 1907. No. 14,938.

1. **Partition: DEVISEES.** One of four children who claim under a will devising lands to such of said children as shall survive a period of ten years after the testator's death cannot maintain partition against his codevisees before the end of such period.

2. ———: ———. Where property is devised in trust for minor children for a period of ten years after the testator's death, then to be divided amongst such of his children as shall survive the period, one of such children cannot maintain partition during the existence of the trust.

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. Affirmed.

R. R. Dickson, for appellant.

C. E. Lear, contra.

CALKINS, C.

John S. Moore died seized of real and personal property, leaving him surviving four children, the plaintiff, now aged 21 years, and the defendants, all over 14 years of age, but none of whom have attained their majority. The decedent's will, which has been admitted to probate, provides that, after payment of his debts, the remainder of his property be "turned over and delivered" to two trustees named therein, who are directed to carry on the business of stock raising upon the testator's ranch for the space of ten years after the testator's death in, as nearly as can be, the same manner that the testator had carried on the said business, and out of the receipts to provide for his said children. At the end of said term the whole estate, less the legitimate costs and expenses of guardianship and administration, was to be divided amongst his four children, share and share alike. The will also contained the provision that, in case of the death of any of said children within ten years after the death of the testator, the share of such child should be divided amongst those surviving. The testator's object was expressly stated to be to keep and hold the property together, for the term named, for the benefit of his children. He died on the 27th day of December, 1901, and on the 28th day of December, 1905, the plaintiff filed her petition, describing the land of which the testator died seized, and, exhibiting to the court the foregoing facts, prayed for a partition of the said land amongst the parties, and, if a partition could not be made, for a sale and division of the proceeds. To this petition a demurrer was interposed, which was sustained, and from a judgment rendered dismissing the action the plaintiff appeals.

1. The plaintiff does not attack the validity of the will, nor the right of possession of the trustees, who are not made parties to the action. The will, as we have seen, directs the trustees named therein to take possession, and manage the testator's property for ten years after his

death, at the end of which period the same is to be divided amongst such of his four children as shall then survive. The estate which the children take under the will is upon condition. It cannot be known that the plaintiff will be entitled to any share, nor into how many shares the property will be divided, nor what the share of any one child will be, until it is determined how many and which of said children shall survive the period fixed for such division. It would seem that neither argument nor authority are needed to establish the doctrine that a claimant whose interest is contingent and may never take effect cannot maintain partition.

2. It was the ancient doctrine under the statute of Henry VIII that no persons could be made parties to a writ in partition, or be affected by it, but such as were entitled to the present possession of their share in severalty. 4 Kent, Commentaries (rev. ed.), *364, note. And this rule prevails generally in this country, where not changed by statute. 1 Washburn, Real Property (5th ed.), p. 715; *Nichols v. Nichols*, 28 Vt. 228; *Stout v. Dunning*, 72 Ind. 343; *Wood v. Sugg*, 91 N. Car. 93, 49 Am. Rep. 639; *Merritt v. Hughes*, 36 W. Va. 356, 15 S. E. 56; *Wood v. Bryant*, 68 Miss. 198, 8 So. 518; *Stevens v. Enders*, 13 N. J. Law, 271. In New York and Illinois the rule is different (*Bradshaw v. Callaghan*, 8 Johns. (N. Y.), *558; *Hill v. Reno*, 112 Ill. 154), and has been changed by statute in New Jersey (*Smith v. Gaines*, 38 N. J. Eq. 65). But, even in those states that do not require a present right of possession as a prerequisite to the right to maintain partition, the principle is recognized that equity will not award a partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one from whom he claims. *Hill v. Reno, supra*. And it has been expressly held that, where the will shows that the testator did not contemplate a division of the trust property, it should not be divided. *Outcalt v. Appleby*, 36 N. J. Eq. 73; *Blake v. Blake*, 118 N. Car. 575, 24 S. E. 424.

In any view of the case, the judgment of the district court is right, and we recommend that it be affirmed.

JACKSON and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.