FRED MATHEWS, APPELLEE, v. WILHELMINA GLOCKEL ET AL., APPELLANTS.

FILED JULY 17, 1908.   No. 15,264.

1. Curtesy: SUSPENSION OF RIGHT. Where a wife, owning as tenant in common with her brothers and sisters an undivided share of lands subject to the dower and homestead right of their mother, together with such brothers and sisters and upon a sufficient consideration, enters into an agreement with the mother not to partition said lands during the lifetime of the mother, such agreement is binding upon her husband when claiming as tenant by the curtesy after the death of the wife and during the lifetime of the mother.

2. Tenancy in Common: PARTITION. An action by a tenant in common to have his undivided share set apart to him is in effect an action in partition, and may not be maintained unless the tenant in common is entitled to the present possession of such share.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Reversed with directions.*

*John C. Watson,* for appellants.

*W. W. Wilson, contra.*

CALKINS, C.

This is an action by a husband ostensibly for the recovery of an estate by the curtesy in lands in which his dedeceased wife was seized of an undivided share. The defendant Wilhelmina Glockel was the widow of Johann G. Glockel, who died in 1901 intestate, leaving him surviving the said widow, a daughter, Rose Mathews, wife of the plaintiff, and four other children. At the time of his death he was the owner of a farm in Otoe county containing about 100 acres, upon which his widow, the defendant, continued to reside. In 1905 Rose Mathews filed a petition in the district court for Otoe county for partition of said property; but the summons in said action was returned not served at the direction of the plaintiff, and the said Rose Mathews, together with the four other heirs of Johann G. Glockel, on the 19th day of May, 1905, entered into a written agreement whereby they agreed to and with each other and with Wilhelmina Glockel, widow of the said Johann G. Glockel, that they would not during the lifetime of the said Wilhelmina Glockel partition, divide, nor ask for a partition or division of the lands of which the said Johann G. Glockel died seized. The said agreement was expressed to be in consideration of the love and affection of the children for their said mother; and it also appears that the mother paid Rose Mathews the sum of $100 either for the dismissal of said partition suit or for the signing of said agreement, or both. In August, 1905, the said Rose Mathews died without issue. This suit was brought by the plaintiff, her husband, to, in the language of the prayer of his petition, recover and hold a one-fifth interest in said premises for and during his natural life as tenant by the curtesy. There was a trial to the court, who found substantially the foregoing facts. The court further found as conclusions of law: (1) That the said agree-

ment of Rose Mathews was binding upon the plaintiff; (2) that upon the death of the said Rose Mathews the plaintiff became vested in an estate by the curtesy in an undivided one-fifth interest in the land mentioned in the pleadings for and during his life, subject, however, to the homestead and dower right of the defendant Wilhelmina Glockel; and (3) that, by reason of the said agreement made by the said Rose Mathews, the said estate cannot be set off to the plaintiff during the lifetime of the said Wilhelmina Glockel. Upon this finding the district court decreed that the plaintiff have as tenant by the curtesy an undivided one-fifth of the real estate mentioned, subject to the homestead and dower right of the said Wilhelmina Glockel, and that the said estate be confirmed and perfected in him, but that the actual setting off of said estate or the partition or division of said land be and is postponed until after the death of the said Wilhelmina Glockel. From this decree the defendants appeal.

1. It is clear that Rose Mathews, but for the making of the agreement referred to, might have maintained partition; and it follows that her husband, upon her death without issue, under the statute in force at that time, would have been entitled to the possession of her share as tenant by the curtesy, and might himself have maintained partition had she been entitled to do so. But, by the agreement referred to, Rose Mathews covenanted with her mother and her brothers and sisters that she would not during the lifetime of her mother partition or divide nor ask for a partition of these lands. No reason is suggested why this was not a valid agreement, binding upon Rose Mathews during her lifetime. It was evidently entered into by the children with the laudable intention of making suitable provision for their mother. Their love and filial affection was a sufficient consideration therefor; but it appears that Rose Mathews received as an additional inducement the pecuniary consideration of $100 paid by her mother.

17

The plaintiff does not argue that Rose Mathews, not-withstanding the making of the agreement, might have maintained partition during her life; but that the agreement should not affect the husband's right of curtesy. No case is cited nor principle referred to to support this position. In this state the husband's right during coverture to the use, care or control of his wife's estate has entirely ceased to exist. She may exercise the same control over her estate after as before marriage, and she may by a conveyance of her estate entirely defeat his right to an estate by the curtesy. *Forbes v. Sweesy*, 8 Neb. 520. In the case above cited the wife had during her life made a lease of the property, but died before the expiration of its term; and it was held that the husband, who claimed as tenant by the curtesy, had no right to the possession of the property until the expiration of the lease. This principle applies to the case we are now considering; and we conclude that the plaintiff had no right to the possession of the property in question during the life of Wilhelmina Glockel.

2. The plaintiff contends that his action is not for partition. He argues: "The plaintiff is not seeking to partition the land, but only to have his right of curtesy therein as provided by law, and the fact that his interest in the land might have to be set off or apart to him does not make the action one in partition." The answer to this proposition is that, if to give the plaintiff the relief he demands it would be necessary to partition the land, then the action is one for partition. He fails to point out any relief to which he claims to be entitled that is not a part of the relief in partition. The ordinary judgment of partition confirms the title of the respective parties and orders that a division be made among them accordingly. Unless this or some part of this relief is awarded to the plaintiff, it is impossible to give him anything in this action. It is the general rule that the present right of possession is a prerequisite to the right to maintain partition. *Wicker v. Moore*, 79 Neb. 755. Even in those states where this rule

does not prevail, the principle is recognized that equity will not award a partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one from whom he claims. *Hill v. Reno,* 112 Ill. 154, 54 Am. Rep. 222. The judgment of the court below confirmed the right of the plaintiff to a one-fifth interest in this land during his life, but postponed the division of the same. This relief was part of the relief which would have been awarded the plaintiff if he had been entitled to partition, and we can see no reason for its being granted him now. His right to the possession of this property is contingent upon his surviving Wilhelmina Glockel, and might never become consummate.

We therefore recommend that the judgment of the district court be reversed and the plaintiff's action dismissed.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, with instructions to dismiss plaintiff's action.

REVERSED.