GREENEY, Respondent, vs. GREENEY and others, Appellants.

*January 14—February 3, 1914.*

*Wills: Construction: Vesting of estates: Remainders: Partition: Who may maintain action: Judgment: Investment of shares.*

1. A will by which the testator gave to his daughter a life estate in certain land, with remainder to her children, stated: "It is my intention that said property shall be divided at the death of my said daughter among all the children she may

have at the time of her decease equally, and if any of said children shall die leaving issue prior to my said daughter's death, then that such issue shall take the share which would by the terms of this will have gone to such child had it lived." *Held,* that no interest vested in the remaindermen until the death of the life tenant. The life tenant being still living, the divorced wife of one of the remaindermen, to whom ais interest in the land was given by a judgment of divorce, has, therefore, no interest in the land and cannot maintain an action for partition thereof.

2. Under sec. 3101, Stats., the estate or interest in land which will entitle a person to maintain an action for partition thereof must be presently vested in him.

3. A plain direction, in a will devising land to a life tenant with remainder over, that no division or partition thereof shall be made until after the death of the life tenant, is valid and cannot be disregarded.

4. Sec. 3127, Stats., contemplates in a partition action a final judgment of distribution of the proceeds of the sale at the close of the litigation; and the statutes provide for the investment of the shares of absentees, infants, and tenants in dower only, but not for the investment of shares of adult parties to the suit who appear in court.

APPEAL from an order of the circuit court for Sauk county: W. B. QUINLAN, Judge. *Reversed.*

Action for partition of real estate. In 1870 A. W. Starks died testate devising the land in question to his daughter, Mary Jane Greeney, for life, remainder to her children. The plaintiff married Charles Greeney, a son of the life tenant, and subsequently his interest in the land, if any, was conveyed to her by a judgment of divorce. It does not appear that Charles Greeney is dead, though his place of residence was unknown to his children for more than a year previous to the trial of the case. Mary Jane Greeney, the life tenant, is still alive. The trial court found that plaintiff had a one-fifth interest in the land, subject to the life estate of Mary Jane Greeney, and that the defendants each had a specified fractional like interest therein; also that the interest of each remainderman was subject to be

divested by his dying prior to the death of the life tenant. The court also found that partition could not be made without prejudice to the rights of the owners, and ordered a sale of the land subject to the life estate, and the proceeds of the sale, less costs and attorneys' fees, to be deposited in the Bank of Baraboo to draw current rate of interest, and there to remain till the death of Mary Jane Greeney, unless the court shall otherwise direct. From such order the defendants, who are children or lineal descendants of Mary Jane Greeney, appealed.

*A. J. Gemmill,* for the appellants.

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

A separate brief in support of the judgment of the circuit court was filed by *Bentley, Kelley & Hill,* and the cause was argued orally by *F. R. Bentley.*

VINJE, J. The correctness of the order directing a sale of the farm depends upon whether any estate or interest therein vested in the remaindermen upon the death of the testator, or whether such estate or interest does not vest until the death of the life tenant. The material part of the will relating to this question reads as follows:

"I devise and give unto my daughter Mrs. Mary Jane Greeney, for and during her natural life, my homestead farm [describing it]. . . . It is my intention to give my said daughter a life estate in said property and no more, and I hereby devise and bequeath unto the children of my said daughter the remainder of said property after the determination of her said life estate, to be equally divided among her said children, share and share alike, and to their heirs forever. It is my intention that said property shall be divided at the death of my said daughter among all the children she may have at the time of her decease equally, and if any of said children shall die leaving issue prior to my said daughter's death, then that such issue shall take the share which would by the terms of this will have gone

to such child had it lived. It is my wish that said home-stead farm should remain in my family."

Conceding that the words therein "I hereby devise and bequeath unto the children of my said daughter the remain-der of said property after the determination of her said life estate, to be equally divided among her said children," standing alone, may be construed as a present gift, they are also susceptible of the construction that the gift is not to take effect until after the death of his daughter. That the lat-ter was intended is made clear by the language which fol-lows. It provides that the division shall take effect upon her death, and that only those of her children then alive shall share therein. Realizing that such a disposition of the property would cut off the issue of any child dying be-fore his daughter, he provided specifically for such issue taking the share which would have gone to such child had it lived, clearly indicating that those children who did not survive their mother took nothing; that no interest vested in them upon the death of the testator, but only upon the death of his daughter; and that not until the happening of that event could the legatees in whom an estate was to vest be definitely ascertained. The correctness of this construc-tion is emphasized by the expressed wish that the home-stead farm remain in his family. We have, therefore, a will that by clear and explicit language postpones the vest-ing of any interest in the remaindermen until the death of the life tenant. That being so, the statute as to the vesting of estates cannot change its effect. *Moran's Will,* 118 Wis. 177, 193, 96 N. W. 367; *Cashman v. Ross, ante,* p. 558, 145 N. W. 199.

It follows that the judgment of divorce which gave to the plaintiff Charles Greeney's interest in the farm conveyed to her nothing, for he had no interest to be conveyed at the time the decree was entered, and plaintiff has now no interest in

the land and is therefore incapable of maintaining an action for the partition of the same.

Sec. 3101, Stats. 1913, does not provide to the contrary. Its language is that "Such action may be maintained by any person who has any estate in the lands of which partition is sought." Before a person can have "any estate" in the lands, within the meaning of the section, it is necessary that some estate or interest therein has vested in him before the commencement of the action, though he may not be entitled to the right of immediate possession and though such estate or interest may be subject to be divested. It is not sufficient that at some time in the future an estate or interest therein may vest in him. Such estate or interest must be in him presently in order to entitle him to maintain partition. *Cashman v. Ross, ante,* p. 558, 145 N. W. 199; *Aydlett v. Pendleton,* 111 N. C. 28, 16 S. E. 8; *Seymour v. Bowles,* 172 Ill. 521, 50 N. E. 122; *Ruddell v. Wren,* 208 Ill. 508, 70 N. E. 751; *Wicker v. Moore,* 79 Neb. 755, 113 N. W. 148; 30 Cyc. 183.

There is another good ground for holding that an action for partition cannot now be maintained even if the remaindermen had vested interests, and that is, the testator by his will plainly directed that no division or partition thereof should be made until after the death of his daughter. Such a provision contravenes no law or sound public policy and must control. Courts have no more right to disregard such a provision of a will than they have to disregard any other valid provision thereof clearly expressed. *Elberts v. Elberts* (Iowa) 141 N. W. 57; *Ward v. Ward,* 163 Mich. 570, 128 N. W. 761; Freeman, Cotenancy & Partition, § 439; 30 Cyc. 185. In the present case no exigency for partition had arisen. Indeed, no partition could in fact be made. The trial court realized this by directing that the proceeds of the sale should be deposited in a bank and await the death of the life tenant before the same could be divided. Sec. 3127, Stats. 1913,

contemplates a final judgment of distribution of the proceeds of the sale at the close of the litigation, and the statutes provide for the investment of shares of absentees, infants, and tenants in dower only, but not for the investment of shares of adult parties to the suit who appear in court.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the complaint.