Miller v. Kyle.

---

No. 22,797.

R. H. MILLER, *Appellant,* v. ESTHER KYLE, *Appellee.*

SYLLABUS BY THE COURT.

AGENCY—*Bidding in Land at Sheriff's Sale—Oral Contract—Statute of Frauds.* The proceedings examined, and *held,* there was no evidence to sustain allegations of the petition that the defendant agreed to attend a sheriff's sale of the plaintiff's land and bid in the land as the plaintiff's agent. *Held further,* no action is maintainable for breach of an oral agreement on the part of the defendant, that if the defendant bid in the land, she would hold it for the plaintiff, and transfer it to him on being reimbursed.

Appeal from Kiowa district court; LITTLETON M. DAY, judge. Opinion filed July 10, 1920. Affirmed.

*William Barrett,* of Pratt, and *C. H. Bissitt,* of Greensburg, for the appellant.

*O. G. Underwood,* of Greensburg, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recoup the loss sustained on account of breach of an oral agreement to hold land purchased at sheriff's sale until the owner could reimburse the purchaser, and thereby obtain the land. A demurrer to the plaintiff's evidence was sustained, and he appeals.

Miller v. Kyle.

The land was situated in Oklahoma. The plaintiff permitted foreclosure of a lien and sale of the land, in order to bar an adverse claim. The defendant was interested in protecting an inferior lien. She went to Oklahoma, bought in the land, and then sold it. At the time, the plaintiff was in the army, and his interests were in charge of an agent, Wacker. Pertinent allegations of the petition follow:

"It was agreed by and between this defendant and H. W. Wacker, agent for plaintiff, that this defendant, Esther Kyle, would go to Guymon, Oklahoma, as the agent and representative of this plaintiff, and in his place and in his stead, and in the place of H. W. Wacker, plaintiff's agent, and bid above-described land in at the sale to be held at that place; that this defendant would hold the certificate of purchase, as agent for plaintiff, until defendant was paid the amount of her bid, and upon the payment of the amount of the judgment against said land, this defendant would assign her certificate of purchase or bid to this plaintiff, so that deed would issue to plaintiff.

"That according to said agreement and understanding, that defendant was to go to Guymon, Oklahoma, and bid said land in for plaintiff, this defendant did go to Guymon, Oklahoma, as the agent of the plaintiff, R. H. Miller, and bid said land in at a sale there held; that this plaintiff relied and acted upon such agreement, and believed and trusted this defendant to carry out the terms of the contract as his agent. . . .

"That this defendant, as agent for plaintiff, in violation of her agreement as such agent, on her return from Guymon, Oklahoma, stopped off at Hooker, Oklahoma, and sold above-described land as her own, and now unlawfully refuses and neglects to comply with her contract with this plaintiff, . . .

"Plaintiff says that defendant had no intention of complying with her contract from the beginning; that she made such agreement and accepted the agency of plaintiff to look after bidding such land in for the purpose of getting title to above-described land and selling it at a profit. . . .

"Plaintiff further says that it was understood and agreed that defendant was to bid as agent for plaintiff, the amount of above-mentioned liens, costs and taxes against said land."

Wacker testified for the plaintiff as follows:

"Q. What did she say about going down there to represent Mr. Miller —what did she say? . A. She was going down there to represent, of course, herself in this matter.

"Q. What did you say to her then? A. I asked her, 'If you buy the land in, will you give Mr. Miller six months to redeem it in?'

"Q. What did she say? A. Said she would.

"Q. Who were you representing there? Mr. Miller had asked you to represent him? A. Yes.

"Q. You did tell Mrs. Kyle, however, that you wanted her to bid that·

land in, and you wanted her to hold it for six months for Mr. Miller? That was understood, wasn't it? A. Yes.

"Q. And she agreed to do that? A. Yes.

"Q. And if during the six months she wss paid back the amount that was due her, that she would deed it over to Mr. Miller? A. Yes.

"Q. That was understood there? A. Yes.

"Q. And further, you told her that if she would go down there, that you would not go down, that you would depend upon that now, didn't you? A. No, I don't think I said that, Mr. Barrett.

"Q. Did you tell her that you would not go down now? A. Yes, it was understood that I was not going.

. . . . . . . . . . . . .

"Q. You thought there was six months' redemption period that Dr. Miller had on that? A. Yes.

"Q. You also thought the sale would not be valid, anyway? A. Yes.

"Q. You answered counsel a moment ago that Mrs. Kyle was going down there to represent herself in buying this land? A. Yes, sir.

. . . . . . . . . . . .

"Q. It was understood she was going there to protect her own interests in this sale? A. Yes, and the bank.

"Q. Protect herself and the bank in this sale? A. Yes, sir.

"Q. And she was not going there to represent Mr. Miller? A. No, I think not. I would not consider it that way."

There was other testimony for the plaintiff that it was believed the sale would not be valid because the plaintiff was in the army, that it was useless for anybody to attend the sale because it would not be valid, and that Wacker could not attend the sale because he had threshing to look after on the day of the sale.

The allegation of agency not only was not proved, but was disproved. Wacker himself admitted the defendant did not go to the sale to bid in the land as agent for the plaintiff, and with the subject of agency, the subject of fraudulently making a contract of agency went out of the case.

Wacker did not refrain from attending the sale because the defendant was going. Counsel on his side of the case pressed him to give an affirmative answer to a leading question which would have shown he gave up going because he was depending on the defendant, and he declined to give the desired answer. There is no evidence whatever that any other purpose or plan to protect the plaintiff at the sale was relinquished or frustrated because the defendant decided to attend the sale. On

the other hand, the proof was that attendance at the sale was not considered important.

The evidence reduced the transaction to this: The defendant was going to Oklahoma to represent herself at the sale. Wacker was not going. He asked the defendant, if she bid in the land, if she would hold it for the plaintiff, and transfer it to the plaintiff, provided within six months she were repaid. The defendant said she would. This constituted an oral agreement relating to land, void under the statute of frauds, and not capable of sustaining an action for its breach.

The doctrine of trusts is invoked. The trust concerned land, was not created by writing signed by the defendant, and so was void as an express trust, under section 1 of the trust statute (Gen. Stat. 1915, § 11674).

The defendant was not the plaintiff's agent, and no other confidential relation existed between them. The defendant represented herself, Wacker represented the plaintiff, and they dealt with each other as any owner and prospective purchaser might deal in respect to land about to be sold at sheriff's sale. Sections 6 and 8 of the trust statute obviously do not apply, and the only ground for declaring a trust by implication of law is that the defendant violated the oral agreement, which is not sufficient. (*Silvers v. Howard,* 106 Kan. 762, 190 Pac. 1, and cases cited in the opinion.)

The judgment of the district court is affirmed.