LOUIS KALB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19422. Promulgated March 15, 1929.

*S. P. Huntington, Esq.*, for the petitioner.
*J. A. O'Callaghan, Esq.*, for the respondent.

### OPINION.

TRUSSELL: In 1914 Mary Kalb, petitioner's mother, deeded practically all of her real and personal property to petitioner and two other persons in trust for her benefit during the balance of her lifetime and within one year after her death the said trustees were directed to convey the residue, balance and remainder in equal shares to Louis E. Kalb, petitioner, Nora Collette, and Walter Kustermann, and their heirs and assigns forever, but in the event either of the said persons predecease Mary Kalb without issue, it was directed that the remainder of the trust property be equally divided among those surviving. During the lifetime of Mary Kalb the trustees were empowered to manage, control, rent, sell, mortgage, invest or reinvest the proceeds from any sales of the trust property; to pay all taxes, charges and maintenance on the property; and to pay to Mary Kalb all the net income, rents, profits and interest from all the trust property. The deed of trust further provides that if the net income from the trust property is not sufficient for the maintenance of Mary Kalb, then the trustees "shall apply such part of the principal of said trust, either of the principal of the personal property, or real property, or both, for her support and benefit, from time to time as may be necessary or proper or suitable."

The property affected by that trust deed was situated in the State of Wisconsin, and there is no question but that the laws of that state control with respect to the property rights created by said trust deed. The Wisconsin Statutes, 1925, ch. 230, sec. 13, provides:

Vested and contingent estates. Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the

intermediate or precedent estate. They are contingent whilst the person to whom, or the event upon which, they are limited to take effect remains uncertain.

Until the death of Mary Kalb, who held the beneficial ownership during her life, it was uncertain as to who the remaindermen would be. The trust deed provided that the remaindermen who were to take the trust property after the death of the grantor, must survive the grantor or, predeceasing her, they must have been survived by their issue who would " take in the place and stead of its parent." There also existed another uncertainty, namely, whether any remainder would exist at the death of Mary Kalb for the trust deed, provided that any or all of the trust property was to be used for her benefit and maintenance if the income therefrom should be insufficient for such purpose, and, further, that after her death the " Trustees shall use sufficient of said income or principal for a suitable funeral and burial." We are of the opinion that whatever estate, interest, property or right which passed to petitioner under the trust deed in 1914 was contingent and that respondent erred in determining that petitioner acquired in 1914 a vested interest in one-third of the trust property as it existed on January 15, 1914. Cf. *Benner* v. *Mauer*, 133 Wis. 325; 113 N. W. 663; *Greeney* v. *Greeney*, 145 Wis. 621; 145 N. W. 201.

The grant to the remaindermen was testamentary in substantial effect, for it was intended to take effect in possession or enjoyment at or after death. The Revenue Act of 1921 provides:

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\*  \*  \*  \*  \*  \*  \*

(3) In the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the *fair market price or value of such property at the time of such acquisition.* The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402.

\*  \*  \*  \*  \*  \*  \*

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*  \*  \*  \*  \*  \*  \*

(c) To the extent of any interest therein of which the decedent has at any time made a *transfer*, or with respect to which he has at any time created a trust, in contemplation of or intended *to take effect in possession or enjoyment at or after his death* (whether such transfer or trust is made or created before or after the passage of this Act), \* \* \* . (Italics supplied.)

Upon the death of Mary Kalb in January, 1919, petitioner acquired the right of possession or enjoyment of and a vested interest in the remainder of the trust property, for at that time the remain-

dermen and the existence of a remainder of the trust became fixed and certain. From that time petitioner, the grantee, had the uncontrolled right or power to dispose of his interest in the property, the value of which was ascertainable at that time. We are of the opinion that in January, 1919, at the death of Mary Kalb, petitioner acquired the property interest within the meaning of section 202 (a) (3) of the Revenue Act of 1921 and that the value of his interest at that time should be used in determining the gain or loss derived from the sale in 1921.

On March 20, 1919, the trustees deeded the farm property here in question to petitioner as his share or interest in trust property. The uncontradicted testimony of the several qualified witnesses as to the values in 1919 of surrounding property as well as to the value of property in question convinces us that it had a fair market value of $20,000 in January, 1919. The few farm buildings on the property had practically no value in 1919 and no question has been raised with respect to them.

The property was sold in 1921 for $23,000, petitioner returned a profit of $3,000 therefrom for the taxable year 1921, and respondent erred in adding any greater amount to petitioner's gross income on account of said sale.

*Judgment will be entered pursuant to Rule 50.*