No. 36,536

IDA F. CANNON, *Appellee,* v. MRS. HARRIS, N. L. ROBINSON and VERDIE NORTON, *Appellants.*

(166 P. 2d 998)

Opinion filed March 23, 1946.

*Willard B. Rogers* and *Lawrence Richardson,* both of Topeka, were on the briefs for the appellants.

*R. J. Reynolds,* of Topeka, argued the cause for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action wherein plaintiff Cannon sought to have her rights to possession of certain real estate determined as against defendant Robinson, who claimed to own the real estate, and against defendants Harris and Norton, who claimed a right of possession of a part of the real estate as tenants of Robinson. As the result of a trial, judgment was rendered in favor of plaintiff and against the defendants. Robinson has appealed to this court.

In lieu of a formal specification of errors, appellant states that the issues on appeal are that the trial court erred in one finding of fact in that there was no evidence to sustain it, and in four of its conclusions of law. There being no attack on the findings of fact generally, we shall summarize them, except for the one of which complaint is made. Mrs. Cannon and her husband entered

into possession of the involved real estate in 1928. The husband died in 1938. The taxes became in arrears, and as a result of a foreclosure on that account the real estate was ordered sold in December, 1943. Mrs. Cannon had no money to redeem and sought help from Mr. Bradshaw and in endeavoring to assist Mrs. Cannon he told Robinson that other persons were intending to buy the real estate at the sale and if they did so Mrs. Cannon would be dispossessed. Robinson told Bradshaw he would not permit that; that he would bid in the real estate and Mrs. Cannon could stay there as long as she lived. The court then found that relying on that statement and placing faith in it, Mrs. Cannon made no further effort to procure another purchaser. It is this finding to which Robinson objects for the asserted reason there was no evidence to sustain it, a matter later mentioned. The court further found that Bradshaw and Robinson attended the sale and Bradshaw bid in the real estate for Robinson, who ultimately secured a deed. On the afternoon of the sale day Bradshaw told Robinson that Mrs. Cannon had given him fifty dollars to use in the purchase, and it being inadequate she had requested Bradshaw to give it to Robinson as payment for her right to use the real estate and live on it the rest of her life. Robinson accepted the money. Mrs. Cannon remained in the exclusive and peaceable possession of the real estate until June, 1945, and enjoyed the fruits of possession and Robinson made no claim for any rents. Then, without any notice, Robinson forcibly ejected Mrs. Cannon from a part of the house and permitted two families to move in. Mrs. Cannon continued in possession of a part of the house and was living there when the findings of fact were made. Robinson paid taxes on the real estate and made necessary repairs since December, 1943. Included in the findings of fact are also the following: That based upon the evidence, the acts of Robinson and the other defendants in taking possession were unlawful; Mrs. Cannon had the right to use the real estate the remainder of her life and to the exclusive possession thereof and the defendants should be ejected and possession of Mrs. Cannon restored.

The court made five conclusions of law. The first was that the parol agreement whereby Robinson agreed to permit Mrs. Cannon to occupy the real estate as long as she lived was capable of being fully performed within one year and was not in violation of the statute of frauds.. No complaint is lodged against this finding.

Other conclusions of which complaint is made are that (2) the parties had taken the agreement out of the statute of frauds by partial performance; (3) Mrs. Cannon had a possessory estate in the real estate and was entitled to exclusive possession; (4) Robinson unlawfully kept Mrs. Cannon out of possession except as to one room of the house; and (5) Mrs. Cannon was entitled to judgment against the defendants for possession of the real estate. Judgment was rendered accordingly. Defendants' motions for judgment *non obstante* and for a new trial were denied, but no error is assigned on these rulings.

Robinson's first complaint is that there was no evidence to sustain the trial court's finding of fact that Mrs. Cannon made no further effort to procure another purchaser, the finding being more fully referred to in our review of the findings of fact. We have examined the evidence as set out in the abstract and counter-abstract. While no witness testified directly on the point, it is fairly to be inferred that Mrs. Cannon relied on Robinson's statement and made no further effort to procure another purchaser. Robinson argues that the evidence discloses that Mrs. Cannon had exhausted all sources of help and stood to lose her real estate, and Robinson's statement he would bid in the real estate was something he had an absolute right to do, and his statement that Mrs. Cannon might live there the rest of her life was wholly gratuitous, without consideration and unenforceable by reason of the statute of frauds. Robinson's effort is to bring this case within the doctrine of *Miller v. Kyle,* 107 Kan. 288, 191 Pac. 492. That may not be done. The facts must be treated as a unit and not divided. It was shown by the evidence and found by the court that Robinson, as a result of solicitation on behalf of Mrs. Cannon, stated he would bid in the real estate and that she could live there the rest of her life. But that is not all. On the same day Robinson accepted fifty dollars from Mrs. Cannon and she did live on the real estate undisturbed by Robinson for about eighteen months. The present suit was commenced when Robinson attempted to repudiate his agreement and put other persons in possession of a part of the real estate.

Appellant quotes a portion of our statute of frauds that no action shall be maintained upon any agreement not to be performed within a year unless the agreement be in writing (G. S. 1935, 33-106) and directs our attention to a statement in 37 C. J. S. (Stat.

of Frauds, § 88) page 590, that a life estate in land cannot be created, reserved, conveyed or sold by parol executory agreement. Appellant also argues that the agreement could not be performed within one year, but no authority on the particular point is cited.

Taking these matters up in inverse order, it may be noted that we have previously given attention to contracts that may or may not be performed within one year from the making thereof. Although conveyance of real estate was not involved in either case, in the following cases the question as to time of performance arose under the same statute relied on by Robinson. In *A. T. & S. F. Rld. Co. v. English*, 38 Kan. 110, 16 Pac. 82, the consideration for the lands conveyed by deed was a parol promise of a pass for life to the grantor, the pass to be issued annually. In the opinion it was said:

"It is contended that because this pass was to be given to plaintiff during his lifetime, to be issued annually, it could not be performed within one year, and therefore that it was void under the statute. Such is not the law. Where the contract is such that the whole may be performed within one year, and there is no express stipulation to the contrary, the statute does not apply. The contract was for the lifetime of the plaintiff; his death would terminate the contract, however soon after the making of such contract that might have happened. His death might have occurred within one year after making such contract, and in that event it would have been fully performed. The authorities are nearly uniform on this point." (l. c. 116.)

In *Pierson v. Milling Co.*, 91 Kan. 775, 139 Pac. 394, it was held:

"An agreement to provide a person with employment during his life is not required by the statute of frauds to be in writing and signed by the party to be charged, since its performance will not necessarily extend over a year." (Syl. ¶ 1.)

There is another section of the statute of frauds, G. S. 1935, 33-105, which provides that no interest in lands exceeding one year in duration shall be granted unless by deed or note in writing signed by the grantor. Under this statute parol leases or grants of interest of less than one year's duration have been held enforceable. Many cases may be found in the annotations to the statute and see *Bundy v. Liberty Life Ins. Co.*, 150 Kan. 658, 663, 95 P. 2d 550. See, also, 37 C. J. S. 560, 587, 601, and 49 Am. Jur. 391.

We are of opinion the contract here in question could have been fully performed within one year and is not within the statute for that reason. Perhaps no more need be said but it may be observed that the trial court did not find that Mrs. Cannon was entitled to

a life estate in the real estate, nor was its judgment that she had such an interest. It found only that she was to be permitted to occupy the real estate as long as she lived. She had nothing under the judgment of which she could dispose, nor did her right persist if she left the real estate. It is not necessary that we label the particular right she had but it was no more than a mere right as long as she lived, to live on the real estate, and was less than a complete life estate.

In view of the conclusion just reached it is not necessary that we discuss at length Robinson's contention the contract was not taken out of the statute of frauds by reason of partial performance. If the contract was not within the statute of frauds because an interest exceeding a year in duration was not granted, the fact there was only partial performance, if that be conceded to be the fact, would not bring the contract within the statute of frauds. It may be observed that Mrs. Cannon's only obligation under the agreement was that she pay Robinson fifty dollars. That she did.

Robinson also contends the trial court erred in holding that Mrs. Cannon had an interest in the real estate and argues the sufficiency of the evidence to support the trial court's findings of fact. If these questions were ever presented to the trial court, it must have been on the hearing of Robinson's motion for a new trial. The trial court denied the motion, and Robinson appealed from the ruling, but he did not specify the ruling as error. Notwithstanding Robinson may have waived his right, we have considered his contention that the evidence is incomplete and uncertain and not sufficient to establish Mrs. Cannon's claim. Under well-established rules, the weight to be given the evidence was for the trial court. We have reviewed the evidence as contained in the abstract and counter-abstract, and find that it supports the findings of fact made by the trial court.

It has not been made to appear the trial court erred, and its judgment is affirmed.