No. 42,987

Fred Ortmann, Guardian of the Estate of Cheryl Ann Ortmann, a Minor, Fred H. Ortmann, an Individual on His Own Behalf, and Theodore C. Geisert, Guardian *Ad Litem* for Cheryl Ann Ortmann, a Minor, *Appellants,* v. Anna Kraemer, Edna Mae. Laverentz, and Clarence Laverentz, *Appellees.*

(378 P. 2d 26)

Opinion filed January 26, 1963.

R. A. *Munroe,* of Augusta, argued the cause, and *Frank D. Gaines,* of Augusta, and *Theodore C. Geisert,* of Kingman, were with him on the briefs for the appellants.

*Paul R. Wunsch,* of Kingman, argued the cause, and *Chas. H. Stewart* and *Robert S. Wunsch,* of Kingman, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This action is for partition of real estate and an accounting. The pleadings need not be narrated. The facts, as disclosed by the record, are as follows:

Edward Kraemer died intestate April 11, 1940, leaving his widow, Anna Kraemer, and two adult daughters, Viola Kraemer and Edna Mae Kraemer, neither of whom had been married. At the time of Edward's death he was the owner of 280 acres of land, subject to

a mortgage of $8,400. On December 20, 1941, in a proceeding to determine descent, a decree was entered determining the interest of the respective parties to the land in question to be one-half in Anna Kraemer, one-fourth in Viola Kraemer and one-fourth in Edna Mae Kraemer.

In the early part of 1942 the mother, Anna, and her two daughters, Viola and Edna Mae, entered into an oral agreement to the effect the mother was to hold and manage the real estate, have the income therefrom until her death, and that the real estate would not be partitioned nor divided during her lifetime. Subsequent to this contract Viola married Fred Ortmann, and as the fruits of the marriage they had one daughter, Cheryl Ann Ortmann. Fred and Cheryl Ann are plaintiffs (appellants) in this action. Also subsequent to the oral agreement Edna Mae married Clarence Laverentz, defendants (appellees) herein.

Viola Kraemer Ortmann died intestate May 25, 1951, survived by the two above-named plaintiffs. In 1953 Fred was appointed guardian of Cheryl Ann's estate, and on April 1, 1960, he commenced this action on his own behalf and as guardian of Cheryl Ann to partition the mentioned real estate. Defendants Anna Kraemer and Edna Mae Laverentz filed their answers setting up the oral contract entered into between them and Viola Kraemer Ortmann.

On the issues joined between the parties the case proceeded to trial. Certain facts were stipulated to and oral evidence was introduced. At the conclusion of the trial the court found that Anna Kraemer had proved the oral contract of 1942 between her and her two daughters, Viola and Edna Mae, to the effect that the mother, Anna, was to receive the income from the real estate during her lifetime and to pay the taxes upon such real estate and keep the same in proper repair; that no division nor partition of such real estate was to be made during the lifetime of Anna; that in accordance with the agreement among the parties Anna had been in possession of the real estate, either personally or by tenant, and that she had fully performed the terms and conditions of the contract on her part and received the rents and profits during such time; that she made permanent and lasting improvements upon the real estate, maintained the buildings and fences thereon in proper state of repair; that she had paid the taxes and kept the buildings properly insured and that she, out of her own funds, paid the mortgage indebtedness of $8,400 and an additional $2,121 interest thereon; that

she was entitled to remain in possession of the property during her lifetime and that no partition of such real estate should be made; that the plaintiffs had received their interest in such real estate from defendant Anna's daughter, Viola, who was a party to the oral agreement, and are therefore estopped from maintaining this action in partition of the real estate during the lifetime of the mother Anna; and entered judgment accordingly. From an order overruling their motion for a new trial, plaintiffs have appealed. The findings of the trial court are amply sustained by the record.

This appeal appears to present purely questions of law. At the outset it may be stated that it is apparent the mother and the two daughters, after the death of the father, entered into a family settlement contract; and we have stated on many occasions that family settlements of estates are favorites of the law. When fairly made, they are to be given a liberal interpretation and should not be disturbed by those who entered into them or by those claiming under or through them. (*Springer v. Litsey,* 185 Kan. 531, 535, 345 P. 2d 669; *Brent v. McDonald,* 180 Kan. 142, 300 P. 2d 396.) Where a widow and each of the children make a division of an estate satisfactory to themselves in which all parties concerned have acquiesced and retained the share so alloted for a long period of years and have performed or partially performed the obligations under the contract, they will be estopped from thereafter objecting to the arrangement or agreement. (*Riffe v. Walton,* 105 Kan. 227, 231, 182 Pac. 640, 6 A. L. R. 549.)

Plaintiffs contend that the contract created a life estate in Anna and therefore violated the statute of frauds, referring to our statute G. S. 1949, 33-105 and 33-106. Where the contract is such that the whole may be performed within one year, the statute does not apply. The contract in the instant case was for the lifetime of Anna. Her death would terminate the contract, however soon after the making of the contract that might have happened. Her death might have occurred within a month or within a year, and in that event it would have been fully performed. This matter was fully discussed in the case of *Cannon v. Harris,* 161 Kan. 225, 166 P. 2d 998, wherein it was stated:

"A parol agreement that a named person would be permitted to occupy a tract of real estate so long as she lived is not a lease of or grant of an interest in real estate necessarily exceeding one year in duration and is not unenforceable by reason of the statute of frauds."

and is controlling under the facts in this case. Unless an oral agreement discloses it cannot be performed within the space of one year, we cannot say the agreement violated the provisions of the statute. (*Talbott v. Gaty,* 171 Kan. 141, 231 P. 2d 205.) It is noted that the trial court did not find that Anna was entitled to a life estate in the real estate, nor was its judgment that she had such an interest; it only found that she was to hold and manage the real estate and have the income therefrom until her death, and that the real estate would not be partitioned during her lifetime. Under the contract Anna had nothing of which she could dispose; she had only a mere right to the income as long as she lived, and, certainly, she had less than a life estate. Moreover, the contract and agreement in this case has been partially performed by Anna by her paying of the taxes, placing valuable improvements on the premises, paying the mortgage debt and interest—all with the acquiescence and approval for nine years during Viola's lifetime—and with the continued approval and acquiescence of the daughter Edna.

The equitable rule is that a verbal contract affecting or concerning an interest in land may be enforced, notwithstanding the statute of frauds, if it has been so far performed as that to permit the party to repudiate it would of itself be a fraud. Under such circumstances as heretofore related, the statute of frauds cannot be asserted.

It is clear that Viola, but for the making of the contract referred to, might have maintained partition, and it follows that her husband and her daughter upon the death of Viola would have been entitled to possession of her share and might themselves have maintained partition had Viola been entitled to do so. However, by the contract referred to, Viola agreed with her mother and her sister that she would not, during the lifetime of her mother, partition the land. There is no reason why this was not a valid contract binding upon Viola during her lifetime. It was evidently entered into by the mother and her two daughters with the laudable intention of making suitable provision for their mother. Their love and affection was sufficient consideration therefor. Inasmuch as under the contract Viola could not have maintained the action while she lived, her husband and daughter, successors in interest to the property, could have no greater rights than Viola, had she lived. It follows that plaintiffs were not entitled to partition of the land in question during the lifetime of Anna Kraemer. (*Mathews v. Glockel,* 82 Neb. 207, 117 N. W. 404.)

As a general rule it is a matter of right for a tenant in common to have partition, but it is well established that a cotenant may waive his right of partition by an express agreement. Equity will not award partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed on the estate by one through whom he claims. The objection to partition in such cases is in the nature of an estoppel. (See Anno. 132 A. L. R. 666, *et seq.*; 68 C. J. S., Partition, § 44, p. 66; 40 Am. Jur., Partition, § 5, p. 5.)

Plaintiffs next contend that defendants are barred from setting up the contract as a defense to the partition action for the reason that they failed to have an administrator of Viola's estate appointed and file their contract therein as a claim against the estate under the provisions of G. S. 1949, 59-2239. The short answer to this contention is that the contract was entered into prior to Viola's marriage. It provided only that the mother should have the income from the land during her lifetime. Viola's having disposed of her right to the use and income of the property during her mother's lifetime, such interest never became a part of Viola's estate upon her death. The defendants, by setting up the mentioned contract, sought to take nothing out of the estate of Viola, and the plaintiffs' contention cannot be sustained.

Other matters have been considered and found to be without sufficient merit to justify a reversal. The judgment of the trial court is affirmed.