J. E. COCKRELL, *Appellant*, v. T. S. HENDERSON, *et al.*,
*Appellees.*

No. 16,205.

### SYLLABUS BY THE COURT.

PLEADINGS — *Action ex Contractu or ex Delicto — Election of Remedies.* Under our code (§ 10) all distinctive forms of civil actions are abolished, and in a civil action which may be founded upon either contract or tort the plaintiff is not required to state upon which he relies as the basis of the action; and, generally, if he should make such a statement and be mistaken the statement would be immaterial. All that a plaintiff is now required to do is to state the facts constituting his cause of action, in ordinary and concise language, and without repetition. (*Akin v. Davis*, 11 Kan. 580; Code 1909, § 92.)

Appeal from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed December 11, 1909. Reversed.

*John W. Adams*, and *George W. Adams*, for the appellant.

*R. L. Holmes*, *Charles G. Yankey*, and *H. C. Sluss*, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellant brought this action in the district court of Sedgwick county against the appellees, and in his petition set forth five causes of action. The several causes of action arose out of the sale of the capital stock of the Barnett Oil and Gas Company to the plaintiff and four others. One cause of action is based upon the alleged sale of such stock to the plaintiff, and the other four causes of action are based on assignments respectively from four other purchasers of the same capital stock. The allegations as to each cause of action are substantially the same, and are in substance that the stock had no value whatever at the time of the issuing of the same to the plaintiff and his assignors, and that he and his assignors severally were induced to purchase the same by the false and fraudulent representations of the defendants; that the aggregate amount of such capital stock sold to the plaintiff and his assignors was $5000, which amount the plaintiff asks to recover, with interest. The plaintiff also alleges that the defendants appropriated to their own use and benefit the several sums paid as a purchase price for such stock.

To the very lengthy petition of the plaintiff the defendants filed a general demurrer, which was overruled. Thereafter the defendants answered, first, by a general denial, and, second, that the plaintiff was not the real party in interest and owner of the causes sued on which purported to be assigned to him. The second ground of defense was stricken out, on motion of the plaintiff.

A jury was impaneled to try the case, and at the close of the plaintiff's evidence the defendants demurred thereto, on the ground that it was not sufficient to sustain any judgment in his favor. The demurrer was sustained, and to reverse this ruling the plaintiff appeals here.

No appeal or cross-petition in error is presented on

Cockrell v. Henderson.

the part of the defendants to the overruling of the demurrer to the petition, and hence the principal question is whether there was evidence sufficient on the part of the plaintiff to justify the submission of the case to the determination of the jury. Much space is occupied in the briefs in the discussion of the question whether the plaintiff's action was based upon fraud and deceit or upon contract. Some controversy also arose between the trial court and the plaintiff's attorney on this question, and the court indicated that the plaintiff should elect upon which theory he would try the case, and upon the refusal of the attorney verbally to elect and upon his statement that he relied only upon his petition the court said that the plaintiff's attorney had already indicated that he relied upon contract. This discussion and controversy seem quite irrelevant, the only proper consideration being whether the petition states facts constituting a cause of action and whether the evidence was sufficient to justify the submission of the case to the consideration of the jury.

Where false representations of facts are made by a seller regarding the quality of material sold or materially affecting the value of the thing sold, and such representations are known by the seller to be false or are positively asserted by him to be true without any knowledge of the facts, and the purchaser has no knowledge of the facts or reasonable means of obtaining knowledge, and the deal is consummated by the purchaser relying upon such representations as true, the false representations amount to a fraud and deceit. They may at the same time amount to warranties, and a warranty is contractual. In such a case the purchaser injured thereby, in bringing an action to recoup his damages, would only be required to state the facts, and it would not be necessary for him to label his action as an action in tort or upon contract. (*Akin v. Davis,* 11 Kan. 580; *Chase v. Railway Co.,* 70 Kan. 546.) In

volume 30 of the American and English Encyclopædia of Law, at page 136, it is said:

"No particular form or language is necessary to create a warranty; the expression 'warrant' need not occur specifically, though that is the term most often used. It is the subject matter of the statement or representation, and the circumstances under which it was made, rather than its form, which are to be considered. Any distinct assertion or affirmation as to the quality or character of the thing to be sold, made by the seller during the negotiations for the sale, which it may reasonably be supposed was intended to induce the purchase and was relied on by the purchaser, will be regarded as a warranty unless accompanied by an express statement that it is not intended as such. If the affirmation was made in good faith, it is still a warranty; if made with a knowledge of its falsity, it is none the less a warranty, though it is also a fraud."

(See, also, 20 Cyc. 86.)

The questions involved in such a case are: (1) Were the alleged representations made? (2) Were they false? (3) Were they intended or calculated to induce the transaction? (4) Was the plaintiff, without negligence on his part in failing to inquire or observe, misled thereby to his prejudice? (5) Did he rely upon the false representations as true, and was he induced thereby to enter into the transaction? If these questions are answered favorably to the plaintiff—and it is the province of the jury to answer them—the plaintiff is entitled to recover, on the theory either that the statements were warranties or that they were fraudulently made.

Of course, any right of action founded upon a personal tort or wrong to the person or reputation of the injured party can not be assigned. A cause of action founded upon warranty, however, is contractual and assignable.

We have read the evidence in this case and find that it is sufficient to require its submission to a jury to answer the essential questions above specified. For

Cockrell v. Henderson.

instance, there is evidence tending to show that the defendants, as sellers of the capital stock of the gas company, took the plaintiff and one or more of his assignors to the land, which they stated was covered by a lease, for which lease representation was made that $19,000 had been paid, and showed them two wells which had been bored and cased; and to different ones, including the plaintiff and his assignors, they represented that the wells were good wells, that they had been pumped and tested, and that they had produced from ten to twenty-five barrels each, which we presume means from ten to twenty-five barrels per day each. There is other evidence that a well could not be tested unless it was pumped for from one to thirty days, and also that one of the wells in question was never cleaned out, and that the other one was cleaned out and pumped for an hour or two and only about a half barrel of oil was obtained.

It is contended on the part of the defendants that the evidence tends only to show at most that they acted as the agents of the corporation in selling the stock, and, if all of the claims of the plaintiff were true and the representations alleged are construed as warranties, that the warranties would be not the warranties of the agent or agents, but of the principal, and that the agents would be responsible only for the tort. There is evidence, however, tending to show that the defendants were themselves the beneficiaries of the money paid for the stock by the plaintiff and his assignors, at least sufficient to justify the submission of this question to the consideration of the jury. There is also evidence that $19,000 had not been paid for the lease at the time the representation was made. There is also evidence that all of the defendants were acting together, not always at the same time, but to a common purpose, and some of the representations alleged to be false were made by some of the defendants in the presence of all the others. There is also evidence that the plaintiff and

his assignors relied upon these representations as true; that they had no means of investigating the truth thereof, but relied upon the statements of the defendants, and parted with their money relying thereon. In short, we think there is abundant evidence to require that the case be submitted to the consideration of a jury.

The ruling of the court sustaining the demurrer to the evidence is reversed, and the case is remanded with instructions to proceed in accordance with the views herein expressed.