W. D. COX *et al., as Partners, etc., Appellees*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 16,498.

1. DAMAGES—*Failure to Furnish Cars—Loss of Profits on a Contract*. Where a shipper was obliged to cancel a contract to deliver grain because of the defendant's failure to furnish cars, it having been informed of the purpose for which the cars were demanded, the defendant was liable for damages necessarily contemplated and actually suffered.

2. ——— *Same*. The shipper was not entitled to recover damages on that part of the grain subsequently sold at a profit over the contract price, nor was the carrier to be credited with such profit.

3. RAILROADS—*Repair of Car by Shipper—Recovery of Expenditures*. A shipper was entitled to recover the amount expended in making usable a defective car furnished by a carrier.

Appeal from Allen district court. Opinion filed July 9, 1910. Modified.

*John Madden, W. W. Brown,* and *John Goshorn,* for the appellant.

*Chris Ritter,* for the appellees. *F. R. Forrest,* of counsel.

*Per Curiam:* The evidence shows that the appellant's agent was informed of the purpose for which the Rosedale cars were needed and demanded. This purpose

Cox v. Railway Co.

was to fill the Hargis contract. A breach of the Hargis contract through inability to get cars necessarily entailed certain specific damages. The general market price rule does not apply in such a case, and the appellant is liable for the damages necessarily contemplated and actually suffered.

The specific findings of the jury are conclusive that the sales of the Hargis corn at Coffeyville were made at a profit over the Hargis price, consequently no damages should have been recovered on that account. The appellant, however, is not to be credited with this profit. The appellant had no concern with what became of the corn it did not haul to Rosedale.

There is no proof whatever that the particular corn which went to Coffeyville did so because of a refusal to furnish cars to take that particular corn to Galveston. No specific orders for Galveston cars were proved, and the jury answered specifically that they knew of none. Consequently no damages should have been allowed on that account.

In order to make use of the cars furnished them the appellees were obliged to do what the appellant should have done, and it is held that the appellant impliedly authorized the necessary expenditure.

The judgment is modified to include the two amounts paid Hargis, and the car-repair bill and interest. As modified, the judgment is affirmed. The costs are divided.