H. W. SKINNER, *Appellant,* v. W. P. GIBSON, *Appellee.*

No. 17,421.

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Lease—Breach—Measure of Damages.* It is a general rule that damages may be recovered when they arise naturally—that is, according to the usual course of things—from the breach of a contract, or are such as may reasonably be supposed to have been in the contemplation of the parties at the time they entered into it.

2. ——— *Same.* The growth of cattle and their increase in weight, under ordinary conditions of care and pasturage, are

elements entering into the common business experience and observation of persons engaged in one of the great industrial pursuits of our people, and it must be presumed are ordinarily susceptible of reasonable estimate and calculation by those engaged in such business.

3. ———— *Same.* Premises leased for pasturage to a person engaged in the business of buying, selling, pasturing and marketing cattle were materially less in area than was represented by the lessor. The intended use was made known to the lessor when the lease was executed, and the deficiency was unknown to the lessee, who relied upon such representations in making such use of the premises. In the midst of the pasture season the deficiency was discovered, and efforts were made to obtain other pasturage, and a large part of the herd of over 900 cattle was removed to it, but sufficient pasturage could not then be obtained, and the growth of the cattle removed, as well as those remaining on the leased premises, was retarded, and there was a consequent loss in weight, amounting on an average to 150 pounds per head, and a loss in value of over $8 per head. It is held that the lessee, upon proper proof of these facts, should recover damages resulting from the failure of the cattle to grow and take on flesh, which were caused by the fact that the pasture contained materially less land than had been represented, and which losses could not have been avoided by a reasonably diligent effort to procure other pasturage.

Appeal from Barber district court. Opinion filed February 10, 1912. Reversed.

*A. L. Noble,* and *J. N. Tincher,* for the appellant.

*William Barrett, L. G. Turner,* and *Seward I. Field,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is by a lessee to recover damages from the lessor because the premises were materially less in area than represented. The question to be determined relates to the measure of damages. The petition states that the appellant was engaged in buying, selling and keeping cattle and in pasturing and preparing them for market; that with knowledge of

these facts, the appellee leased to him certain lands described in the lease as "comprising in all three pastures, 5380 acres, more or less, according to the government survey," and as an inducement to the appellant to take the lease the appellee represented that the pastures contained the number of acres specified. The lease was made on February 6, 1909. Believing the representations to be true, the appellant turned 973 head of cattle into the pastures which, if they had contained the quantity of land as represented, would have afforded sufficient pasturage for the herd for the season, but in the summer following he discovered that the pastures contained only 3000 acres and were insufficient for the cattle so turned in, and he was compelled to seek other pasturage and remove a large part of the herd thereto; that sufficient pasturage could not then be found; that there was a shrinkage and failure to take on flesh by the cattle remaining in the pastures caused by such overstocking; that the cattle removed suffered in condition by reason of the removal, and all of the cattle weighed on an average 150 pounds per head less at the close of the season than they would have done had the pastures contained the quantity of land represented, and damages were asked for the consequent loss, alleged to be $8.12 per head. The stipulated rental was $2000, which was paid, and recovery was also asked for the excess rent, paid upon the supposition that the pastures contained 5380 acres.

Before the trial the district court, on motion of the appellee, made an order that the damages in case of recovery should be limited to the proportionate amount paid as rent for the land not contained in the pastures, as might appear from the evidence, and that evidence should not be received or damages allowed for shrinkage or failure to take on flesh or make growth by the cattle, as alleged and claimed in the third paragraph of the petition. It was thereupon agreed by the parties and recited in the order that the denial of proof of the

claim of damages so disallowed should not affect the rights of appeal, and that it should be held upon such appeal that proof had been produced and offered on the trial to sustain such claims. The court instructed the jury in harmony with the order, that if they found for the plaintiff (appellant) he should recover thirty-seven cents an acre for any deficiency in the number of acres contracted for. The verdict was for $885, which is the proportion of rent paid for land not contained in the pastures.

Another cause of action was stated in the petition, and a counterclaim was pleaded in the answer, but nothing appears to have been allowed upon either and they need not be considered.

The appeal is from the order relating to the measure of damages and the order overruling a motion for a new trial and entering judgment on the verdict.

There is a discussion in the briefs of the question whether the action is upon contract, or in tort for deceit. The distinction is not important. The measure of compensatory damages is not affected by the form of the action. (1 Sedg. Dam., 8th ed., § 30; 1 Suth. Dam., 3d ed., §§ 98, 100.) The injured party was only required to state the facts constituting his cause of action, and it was not necessary to label it as one in tort or upon contract. (*Cockrell v. Henderson*, 81 Kan. 335, 105 Pac. 443.) The lessor having represented that the pastures contained a certain number of acres, if the lessee, without knowledge to the contrary, was induced thereby to enter into the lease, he may maintain his action for resulting damages.

The objection to the allowance of damages for the failure of the cattle to take on flesh because of the shortage of pasturage, and because of their removal, is based upon the ground that such damages are remote, speculative, and do not flow naturally from the misrepresentation. Damages may be recovered when they arise naturally—that is, according to the usual course

Skinner v. Gibson.

of things—from the breach of a contract, or are such as may reasonably be supposed to have been in the contemplation of the parties at the time they entered into it. (*Hadley v. Baxendale,* 9 Exch. 341, 26 Law and Eq. 398.; 1 Suth. Dam., 3d ed., § 50.)   The rule applies when property is leased for a particular purpose, and the intended use is made known to the lessor.   In *Miller v. Sullivan,* 77 Kan. 252, 94 Pac. 266, it was held, on the breach of a covenant to repair, that the diminution in rental value was not a universal measure of damages, but that the consequential injury to goods might be recovered where the owner had promised from time to time to make repairs, upon which the tenant relied, and by which he was induced to continue the use.   Where a lessor agreed to clean out certain ditches and failed to do so, it was held, in *Spencer v. Hamilton,* 113 N. C. 49, 18 S. E. 167, 37 Am. St. Rep. 611, that the true test was how much was the net yield of the lessees' cropping for the year lessened by such failure?   The court said:

"The decreased production was an important factor in arriving at that conclusion.   The difference in profit and yield between land drained and not drained was clearly in contemplation of the parties in making the contract."   (p. 51.)

Where a lessee of a store building, after placing a part of his goods in the premises, intending to carry on his business there, was evicted by a prior tenant having a paramount right, it was held in *Poposkey v. Munkwitz,* 68 Wis. 322, 32 N. W. 35, that the lessee was not restricted to a recovery of the excess of the rental value over the rent stipulated in the lease, but should recover the rent paid, the expense of moving his goods, and the difference between the rent reserved in the lease and the actual rental value; and if the lessor knew when the lease was made that the lessee intended to use the premises in carrying on his business there, then recovery should be allowed for damages to such business by breach of the covenant for quiet enjoyment, subject

to proper diminution in case other suitable premises might have been obtained by proper efforts. Commenting on the proof of such value, the court said:

"Probably *value* and *net profits* are convertible terms as applied to a business. Yet the law in many cases gives damages for breaches of contracts, based on prospective profits, when they are fairly within the contemplation of the parties, are not too remote and conjectural, and are susceptible of being ascertained with reasonable certainty. If the plaintiff shows himself entitled to recover for damages to his business, the character, extent and value of his established business when the lease was executed and before will furnish a guide to the jury in assessing the prospective and probable value thereof had the plaintiff been permitted to transfer it to the store." (p. 335.)

*Snodgrass, King's Adm'r, v. Reynolds,* 79 Ala. 452, 58 Am. Rep. 601, is another leading case on this subject, reviewing many decisions, and others are referred to in a note in 58 Am. Rep. 606.

The ordinary measure of damages in such a case, where the intended use of the property is made known to the lessor, appears to be the difference between the rent agreed upon and the market value of the term, plus any special damages properly pleaded and proved. (*Sloan v. Hart,* 150 N. C. 269, 63 S. E. 1037, 21 L. R. A., n. s., 239; *Bernhard et al. v. Curtis,* 75 Conn. 476, 54 Atl. 213; *Cohn v. Norton,* 57 Conn. 480, 18 Atl. 595, 5 L. R. A. 572; *Gross v. Heckert,* 120 Wis. 314, 97 N. W. 952; 1 Sedg. Dam., 8th ed., § 159; 1 McAdam, Landl. & Ten., 4th ed., § 109.)

(See, also, *Cox v. Railway Co.,* 83 Kan. 216, 109 Pac. 792.)

In this case there is no claim that the market value was greater than the rent paid, hence the only question relates to the damages rejected by the district court.

The growth of cattle and their increase in weight under ordinary conditions of care and pasturage are elements entering into the common business experience

and observation of persons engaged in one of the great industrial pursuits of our people, and are ordinarily susceptible of reasonable estimate and calculation by those who have had such experience. It was said in *Hoge v. Norton,* 22 Kan. 374, an action for damages consequent upon the removal of cattle from their accustomed range:

"It is a case of gain prevented, rather than of loss sustained, and the questions are whether such gain prevented is proximate and certain, *i. e.,* directly the result of the removal and inferior care, and the amount thereof susceptible of reasonably certain measurement. . . . Of course, absolute certainty is not attainable, as in casting up the figures of an account; but nevertheless there are certain laws of feeding and growth, well understood among cattle-men, and whose results work out with sufficient certainty for business calculations and judicial investigations." (p. 380.)

(See, also, *Enlow v. Hawkins,* 71 Kan. 633, 81 Pac. 189; *Davis v. Gas Co.,* 85 Kan. 195, 115 Pac. 977.)

The claims for damages rejected by the district court were sufficiently pleaded and proof thereof must, under the order and agreement referred to, be considered as though duly offered. It does not follow that recovery must be allowed for all the losses so pleaded and suffered, but for such losses as could not by reasonable diligence in seeking for other pasturage have been avoided.

If the appellant had been allowed to recover upon his claim for damages to his cattle, as pleaded in the third paragraph of the petition, such recovery would have embraced his entire loss, and would have necessarily included all that he could have received had the pastures contained the number of acres represented; therefore he could not also have recovered the excess of rent paid.

The appellee contends that as the appellant proceeded to a judgment in his favor for the excess of rent he can not recover other damages. While the ruling in re-

spect to damages was made before the trial, it was incidental and was made at that time for convenience. The fact that the appellant did not refuse to proceed further, and take an appeal at that time (if that might have been done), and that a judgment was rendered in his favor for the excess of rent, does not preclude his remedy by the appeal taken afterward. It is true his prayer for damages presented two theories, but he was not given an opportunity to make an election, conceding that an election might have been required at the proper time.

The district court erred in its order restricting the proof and in declaring the measure of damages. For these errors the judgment is reversed and the cause remanded with directions to grant a new trial.