No. 30,636.

H. A. Hope, *Appellee*, v. Sinclair Refining Company, *Appellant.*

(15 P. 2d 432.)

Opinion filed November 5, 1932.

*L. M. Kagey, Leon W. Lundblade, C. L. Kagey,* all of Beloit, and *Walter E. Brown,* of Kansas City, Mo., for the appellant.

*R. L. Hamilton,* of Beloit, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages on account of failure

to carry out a contract to lease a building. Judgment was for plaintiff. Defendant appeals.

Appellee owned a mercantile building. It was occupied by two tenants who were paying rent. Appellant desired to locate a filling station. Through an authorized agent appellant negotiated with appellee for a lease on his building. A lease was agreed on. It was drawn up and signed by appellee. It was sent to the office of appellant for approval. All parties understood that the lease would not be binding till it was approved by appellant.

At the same time the lease was signed by appellee he agreed to make certain alterations to render the property fit for a filling station. In a few days the agent advised appellee that the lease had been approved. He directed appellee to go ahead with the alterations. This appellee did. He induced his tenants to vacate, tore up the floor, tore out the front of the building, cut up timber to be used and in general got the work under way. After about three months the agent of appellant advised appellee the lease had not been approved. He was told to stop work. At this stage of the proceedings his building was neither filling station nor mercantile building.

Appellee immediately began negotiations for a new tenant. He finally found one in the White Eagle Oil Company. This company took the station at the same rental appellant was to have paid. This company required a great deal more to be done to the building than had been required by appellant.

Appellee brought suit. He claims, as items of damage, loss of rent, expense of alterations and some items of freight which he had paid for appellant. Judgment was for appellee. Hence this appeal.

Appellant urges that this was an oral contract for an interest in real estate and hence is not enforceable. It relies on the statute of frauds. The petition told the story about as it has been told here. While the agent had no authority to make a written contract, he had ample authority to bind the company to an oral contract to make the lease. That is what appellant did. We have held that such a promise is binding. (*Deisher v. Stein*, 34 Kan. 39, 7 Pac. 608; *Rains v. Schermerhorn*, 86 Kan. 854, 122 Pac. 883.)

The jury allowed damages for the cost of the alterations. Appellant points out that the changes necessary to be made, in order

to procure the White Eagle Oil Company for a tenant, were much more expensive than the changes contemplated by appellant. It is argued that the cost of these alterations is not a proper item of damages. There was evidence upon which the jury could find that the ar~ount allowed for alterations was the amount expended by appellee up to che time when he was advised the deal had fallen through. At that time he had neither a mercantile building nor a filling station. He was bound to secure a tenant as speedily as possible. This he did, and in order to do so completed the filling station. In so doing he expended more money than had been contemplated in the contract with appellant. The damages of which complaint is made are for these expenses. We see nothing improper in this. Appellant argues that the court erred in the instruction given the jury. The instruction complained of is as follows:

"The gist of plaintiff's action is, that he was induced to spend money on the alteration of his building on the representation of the witness, Gastineau, that the contract for rental of plaintiff's premises has been approved by defendant, and relying upon said statement he proceeded to make the required alterations in said building for its occupancy by defendant, and said witness, Gastineau, had the apparent authority from defendant to convey such information to plaintiff, and the plaintiff by reason thereof suffered damage, he would be entitled to recover such damage, even though the contract of rental was never, in fact, approved by defendant."

From what has been said it will be seen that we do not regard this instruction as improper.

The judgment of the district court is affirmed.