No. 43,835

Cain Shoes, Inc., *Appellant*, v. Richard J. Gunn and Mary Gunn, d/b/a "Gunn's," *Appellees*.

(399 P. 2d 831)

Opinion filed March 6, 1965.

W. Y. *Chalfant*, of Hutchinson, argued the cause, and H. R. *Branine* and C. E. *Chalfant*, both of Hutchinson, were with him on the briefs for the appellant.

No appearance by appellees.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment denying relief in an action to recover damages for the breach of a lease agreement containing an agreement to construct a building to house a general shoe store.

The facts essential to the disposition of the controversy may be summarized.

In May, 1960, the incorporators of plaintiff made an oral agreement with defendants for a lease covering a shoe department which defendants proposed to furnish in connection with a building to be constructed on Main Street in Great Bend, Kansas. In June, 1960, plaintiff was incorporated and the incorporators became its officers. Immediately after the oral agreement for a lease the incorporators of plaintiff ordered shoes for delivery in July and August for fall business in the Great Bend shoe department.

On July 14, 1960, the parties signed a written lease for a generally understood part of the projected building and Richard J. Gunn promised an opening date in late October, 1960. Under the prior oral understanding, an opening date of September 1, 1960, had been

agreed upon and the July and August shoe deliveries were contracted for an opening on that date. Plaintiff admits that it knew the latter part of May that a September 1, 1960, opening could not be made and that the store could not even be built by that time.

Defendants had been engaged in the general clothing business for some years and in October, 1960, were carrying on such business at two locations which they designated as temporary. Defendants also owned the location of the proposed new building and by October, 1960, the old building thereon was torn down. No construction of a new clothing building was ever commenced.

In October, 1960, it was agreed that plaintiff would begin selling its shoes at the defendant's temporary locations and it did so. Richard J. Gunn at this time represented the new building would be built by March 1, 1961. In the fall of 1960, plaintiff ordered shoes for 1961 spring sales. The fall 1960, shoes and spring 1961, shoes were delivered and sold through the temporary locations. During this period defendants periodically blamed delay in the beginning of new construction on various problems and indicated later completion dates.

On July 9, 1961, plaintiff moved its stock of unsold shoes to another town where it had an established business. At all times the plaintiff's operations in Great Bend were at a loss and the operating losses at Great Bend, together with the losses taken on the shoes so removed amounted to $11,035.92.

Under the facts thus stated plaintiff brought an action for damages. The case was tried before the court without a jury and judgment was rendered for defendants. Plaintiff appealed challenging the validity of the judgment on numerous grounds.

The appeal was for argument before this court on November 5, 1964. The appellees did not appear for argument, neither did they file a brief in support of their judgment. The appellant in its argument and brief raised questions which left a serious doubt as to the propriety of the judgment rendered by the trial court. The appellees were therefore ordered to file a brief in this court in support of their judgment and the case was set for additional argument on January 21, 1965. The appellees ignored the directive of this court and again failed to appear for argument or file a brief in support of their judgment.

It cannot be argued that appellant has not suffered damages. The trial court stated in its memorandum decision:

"Turning again to the evidence in this case, the court feels and finds that

if the special circumstances were communicated the amount of injury which would ordinarily follow a breach of this contract would in no way approximate the damages here claimed. Had the parties at the time provided for damages, the defendants would not have agreed to damages in any way approximating those here claimed. At the time of executing the contract neither party could reasonably foresee such loss as this as reasonably liable to result from a breach. It cannot be assumed in this case that the value of defendants' performance would 'at least equal' the expense here claimed by plaintiff. . . ."

The fact that the prayer of a petition is for damages in excess of what the evidence establishes is not grounds for denial of such relief as is established. The fact that a plaintiff attempts to establish damages in excess of what the trial court believes proper is not grounds for denying such relief as is supported by the evidence. However, the appellees may have contended that the appellant proceeded on the wrong theory of relief and produced no evidence on any proper theory of damages. We are not informed as to appellees' contentions.

It may be generally stated that the damages to which the party to a contract is entitled because of its breach are such that rise naturally from the breach itself or are reasonably supposed to have been within the contemplation of the parties, as a result of a breach, at the time the contract was made. The rule was approved in *Town Co. v. Lincoln,* 56 Kan. 145, 42 Pac. 706 where it is stated at page 150:

". . . This brings the case within the rule of *Hadley v. Baxendale,* 9 Exch. 341, decided in 1854, Baron Alderson stating the same, as follows: " 'Where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, *i. e.,* according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it.' " (See, also, *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 508, 337 P. 2d 986; *Gilbert v. Grubel,* 82 Kan. 476, 108 Pac. 798.)

The rule measuring damages has also been applied in an action for damages for breach of a lease agreement. In *Skinner v. Gibson,* 86 Kan. 431, 121 Pac. 513, it was held in the first paragraph of the syllabus:

"It is a general rule that damages may be recovered when they arise naturally—that is, according to the usual course of things—from the breach of a contract, or are such as may reasonably be supposed to have been in the contemplation of the parties at the time they entered into it."

In determining what might reasonably have been contemplated, the nature and purpose of the contract, and the attending circumstances known to the parties at the time the contract was executed, should be considered. In *Taylor v. Spencer*, 75 Kan. 152, 88 Pac. 544, in considering some of the direct and proximate losses it was held in the first paragraph of the syllabus:

"Where one party to a contract terminates it wrongfully, the other party, in an action for damages on account of the breach, may recover all the direct and proximate loss sustained on account thereof, including expenses incurred, expenditures made in preparation to perform his part of the agreement, loss of time, and for his own personal services."

It is a well established rule in this state that expenditures made in anticipation of, or in preparation for, the performance of a contract in which default is made or fulfillment prevented are recoverable (*King v. Machine Co.*, 81 Kan. 809, 106 Pac. 1071).

It would appear quite probable that a party who leased space for a shoe store in a building to be constructed for occupancy on a particular date would order shoes in advance to be available at the opening date. It would also appear quite probable that shoes being seasonable, a serious loss would occur if a sales location was not made available. It would further appear probable that the interested parties would attempt to minimize the loss by finding a substitute location from which the shoes purchased in anticipation of the lease could be sold. These are matters which the trial court will give consideration under the facts and circumstances of the particular case when the new trial occurs.

We make no attempt to suggest or discuss specific alleged trial errors. We have every confidence that the able trial judge will correct all trial errors, if any, when the case is retried. The appellees not having sufficient interest or confidence in their judgment to attempt to support it, we conclude that a new trial should be granted.

The case is remanded with instructions to grant a new trial.

APPROVED BY THE COURT.

FONTRON, J., concurring in part and dissenting in part: I agree that this case should be reversed, but I perceive no purpose to be served by a new trial generally.

The trial court prepared and filed a comprehensive, written memorandum decision, in which the following statements are contained:

"On July 14, 1960 the parties to this action signed a written lease for a generally understood part of the projected building and Richard J. Gunn promised an opening date in late October, 1960. Under the prior oral understanding, an opening date of September 1 had been agreed upon and the July and August shoe deliveries were contracted for an opening on that date."

. . . . . . . . . . . . . . . .

". . . The defendants breached their agreement to so construct and lease a part of the new building on Main Street."

It is clear from these statements and from other language throughout the memorandum decision that the trial court found both that the lease agreements had been made as alleged and that the defendants had breached them. Those findings are unmistakably supported by solid and substantial evidence.

As I understand the trial court's decision, judgment was entered in defendants' favor solely on the basis that the damages claimed by plaintiff for breach of the lease were just not recoverable under the surrounding circumstances. In so deciding, the trial court misconceived the proper measure of damages. The correct rule to be applied is pointed out in this court's majority opinion.

The question as to the defendants' liability, having already been resolved by the trial court, this case in my judgment comes within the purview of G. S. 1949, 60-3004, which was in effect at all times material herein. The final sentence of this statute provides substantially that where issues are separable, a new trial shall be had only as to the issues wherein the decision is wrong. This point is plainly illustrated in *Carlgren v. Saindon*, 129 Kan. 475, 283 Pac. 620, where the court said:

"When specific controverted issues have been once determined in a trial, either before the court, or the court and the jury, and some points at issue have not been determined, or have been improperly determined, where the points determined and those not determined are sufficiently distinct from each other that there is no necessity of retrying all issues in order to determine those which had not been determined, there is no occasion for retrying the issues determined. A retrial, if necessary, should be of the issues only which have not been determined. . . ." (pp. 479, 480.)

See also *Hukle v. Kimble*, 172 Kan. 630, 638, 243 P. 2d 225, and the cases therein cited.

For the reasons above stated, I respectfully submit that a new trial should be had on the issue of damages only.

WERTZ, J., joins in the foregoing concurring and dissenting opinion.