No. 47,771

ELIZABETH HAROLD and RUSSELL W. HAROLD, *Appellants*, v. MARY R. HAROLD, also known as MARY RUTH HAROLD, and as MARY HAROLD, *Appellee.*

(543 P. 2d 1019)

Opinion filed December 13, 1975.

*Quinten H. Boone,* of Granada Hills, California, argued the cause, and *Jesse I. Linder,* of Sharon Springs, was with him on the brief for the appellant.

*Jack L. Burr,* of Zuspann, Soward, Whalen & Burr, of Goodland, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an action for specific performance of an oral promise to convey real estate. The trial court sustained defendant's motion for summary judgment, and plaintiffs appeal. For the reasons set forth in this opinion, we reverse.

While a full factual recitation is not necessary, a short statement of the background may throw some light upon the plaintiffs' claims. Edward Harold died in 1962, owning at the time of his death nine separate quarter sections of land in Wallace County, Kansas. He was survived by his widow, Elizabeth, and his son, Russell, who are the appellants here. He was also survived by his sons, Arthur and Ralph, by two other sons whose names are not disclosed, and by three daughters, Edith, Irene and Ruth. In 1964 or 1965, Elizabeth deeded three quarter sections of land to Arthur, three to Russell and three to Ralph. Appellants claim that these conveyances were made on condition that each son would later convey one

quarter section of the land to one of his sisters, or to Elizabeth to hold for a sister. Russell and his wife conveyed a quarter section of the land to his sister, Edith, in 1967, and Arthur and his wife conveyed a quarter section of the land to his sister, Irene, in 1968. Ralph and the appellee, Mary Harold, were husband and wife. Ralph and Mary did not convey any of the land which Ralph received from Elizabeth. At the time of his death, Ralph owned all three of the quarter sections conveyed to him by Elizabeth.

The second amended petition, filed in the District Court of Wallace County, Kansas, alleges that an agreement was entered into in February, 1972, between Ralph and his wife, Mary, to the effect that if Ralph would execute a will leaving all of his property to Mary, then after his death Mary would convey by deed to Elizabeth or to another child of Elizabeth a quarter section of the Wallace County land previously conveyed to Ralph by Elizabeth. This agreement was made in the presence of witnesses, and was reaffirmed on two occasions by Mary. On February 14, 1972, Ralph, in reliance upon that oral agreement, executed a will leaving all of his property to Mary. Ralph died on April 1, 1972, leaving real estate in both Colorado and Kansas. His will was admitted to probate in Colorado, but it was neither offered nor admitted in Kansas.

Plaintiffs claim in effect that they are third-party beneficiaries of the agreement between Ralph and Mary, and that Ralph fully performed all of his obligations under the agreement by executing a will leaving all of his real estate to Mary. She has refused to convey the quarter section in question to Elizabeth or to one of Elizabeth's other children in conformity with the agreement. Plaintiffs seek specific performance, i. e., an order directing Mary to execute and deliver to Elizabeth a deed to the described quarter section.

Mary, by her answer, denies that she entered into any agreement with Ralph prior to the execution of his will on February 14, 1972, denies affirming any such agreement on later dates, and denies plaintiffs are entitled to any relief.

At the time this matter was argued before the trial court, the parties stipulated that Ralph died in Colorado on April 1, 1972, a resident of Wallace County, Kansas, and that no petition for the administration of his estate was filed in Wallace County, although a petition to probate his will was filed in Cheyenne County, Colorado. Those proceedings had been terminated. No claim was filed in the Colorado proceedings representing the claims asserted by the appellants here.

The trial court heard oral argument on the motion for summary judgment, and limited its consideration to the second amended petition, the answer, and the stipulations entered into at the time of argument. The trial court, among other findings, concluded that the oral agreement of Mary Harold to convey real estate was barred by the statute of frauds, K. S. A. 33-106 (Weeks 1973), for the reason that it was not in writing, and it was not an agreement which would be consummated within one year. The court further found that there was no consideration flowing to Mary. And the court found that the disposition requested by plaintiffs would be a testamentary disposition by Ralph which cannot stand because it is not within the terms of a legally executed will. The court sustained Mary's motion for summary judgment, and Elizabeth and Russell appeal.

The statute of frauds, K. S. A. 33-106 (Weeks 1973), provides in applicable part that:

"No action shall be brought whereby to charge a party upon any special promise . . . upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them; or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought . . . shall be in writing and signed by the party to be charged . . . ."

Our statute of frauds was enacted, as we have previously pointed out, "to prevent fraud and injustice, not to foster or encourage it, and a court of equity will not ordinarily permit its use as a shield to protect fraud or to enable one to take advantage of his own wrong." *Texas Co. v. Sloan,* 171 Kan. 182, 231 P. 2d 255. That was an action for specific performance of an oral contract to execute an oil and gas lease. The plaintiff claimed that it was led by the actions of the defendants to perform fully its part of the oral agreement, to expend sums of money, and to obligate itself and change its position. The trial court sustained defendant's demurrer. This court, in reversing, said:

". . . [W]e fail to see any good reason in equity and good conscience why defendant . . . should be permitted to hide behind his own wrong-doing and rely upon it as a defense under the facts as pleaded . . . [D]efendants are equitably estopped from relying upon the statute of frauds as a defense." (p. 189.)

In *Ortmann v. Kraemer,* 190 Kan. 716, 719, 378 P. 2d 26, this court stated:

"The equitable rule is that a verbal contract affecting or concerning an interest in land may be enforced, notwithstanding the statute of frauds, if it has

been so far performed as that to permit the party to repudiate it would of it-self be a fraud. Under such circumstances . . . the statute of frauds cannot be asserted."

Also, in *Ortmann,* at page 718, we stated:

". . . Where the contract is such that the whole may be performed within one year, the statute does not apply. . . ."

The pleadings must be given a liberal construction in favor of the party against whom a motion for summary judgment is directed. *Lorson v. Falcon Coach, Inc.,* 214 Kan. 670, 522 P. 2d 449. So viewed, the pleadings disclose an oral agreement between Ralph and Mary, fully performed by Ralph. He executed a will leaving *all* of his property to Mary. He was not obligated by law to make such disposition of his property. K. S. A. 59-602. Mary received the fruits of the agreement—all of Ralph's property. Further, there was nothing in the contract to prevent its performance within one year. Ralph could, and did, execute the will within one year; he died within one year; and Mary could have conveyed the real estate within one year. The statute of frauds applies to contracts not *performable* within one year. Nothing within the terms of the contract here alleged would have prevented its performance within that time.

We should carefully point out that while plaintiffs intermingled and advanced various theories, we construe this not as an action to enforce an Edward Harold family settlement agreement; not as an action to reform Ralph's will; and not as an action to assert a claim against or to take property out of Ralph's estate. A discussion along any of those lines would unduly prolong and add nothing to this opinion, since in our view such matters are not here involved.

We construe this as an action for specific performance of the alleged oral agreement between Ralph and Mary. Appellants claim that they are third-party beneficiaries under that agreement; that Ralph entered into and fully performed that agreement for their benefit; and that Mary received all of Ralph's property, which con-stitutes consideration, and then refused to perform. Mary, of course, denies that she made any agreement with Ralph. This major fact issue remains unresolved.

Assuming that plaintiffs' claims are true, as we must do in review-ing this proceeding in its present posture, a question might be raised as to whether parol evidence of an oral contract would be admissible to alter the terms of the decedent's will. Such a question would evidence a misunderstanding of the nature of the alleged

contract. The rule barring parol evidence, offered to change or alter the terms of an unambiguous will, does not render inadmissible extrinsic evidence that the will was entered into pursuant to an agreement. *In re Estate of Wade*, 202 Kan. 380, 388, 449 P. 2d 488. Here, there is no attempt by plaintiffs to vary or change Ralph's will. Plaintiffs claim that the will as executed carried out Ralph's obligation under the contract. Plaintiffs simply seek to enforce that contract against the other party thereto—Mary.

A motion for summary judgment should be sustained only where there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. *Williams v. Community Drive-in Theater, Inc.*, 214 Kan. 359, 520 P. 2d 1296. Neither appears to be the case here. There are unresolved issues of fact, and for the reasons stated we do not believe defendant is now entitled to judgment as a matter of law.

We think it was error, under the circumstances of this case, for the trial court to sustain the motion for summary judgment. Appellants are entitled to offer proof, and to attempt to establish the contested facts. For these reasons the judgment of the trial court is reversed, and the matter remanded with directions to proceed with trial.