**Curtis S. GLASSCOCK,**
**Plaintiff-Appellee,**

v.

**WILSON CONSTRUCTORS, INC.,**
**Defendant-Appellant.**

**No. 78–1427.**

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 28, 1979.

Decided Aug. 25, 1980.

Frank C. Norton (Robert S. Jones, Salina, Kan., with him, on brief) of Norton, Wasserman & Jones, Salina, Kan., for defendant-appellant.

Richard D. Cordry of Michaud, Cordry & Michaud, Wichita, Kan. (Russell Cranmer, Wichita, Kan., with him on brief), for plaintiff-appellee.

Before HOLLOWAY, McWILLIAMS, and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

This diversity action applying Kansas law was brought by Curtis Glasscock against Wilson Constructors, Inc. (Wilson) to recover losses resulting from the breach of an alleged five-year oral employment contract. Wilson moved for summary judgment, invoking the statute of frauds. The trial court denied the motion on the ground that the doctrine of promissory estoppel could be available to avoid application of the statute. After a jury trial, a verdict was returned in favor of Glasscock for $30,000, based on findings that there was a contract which Wilson breached, resulting in damages to Glasscock. The trial judge then applied the doctrine of promissory estoppel as a matter of law to overcome the statute of frauds, and denied Wilson's motion for judgment n. o. v. or for new trial. Wilson appeals, and we affirm.

Glasscock was originally employed with Borton Inc., and participated in Borton's profit sharing plan. His benefits under the plan were based on points given for salary and for longevity. Personnel from Wilson approached Glasscock about leaving Borton and going to work for Wilson. During preliminary discussions concerning Glasscock's prospective employment with Wilson, Glasscock advised Wilson of his participation in Borton's profit sharing plan. Glasscock and Wilson's president then allegedly entered into an oral employment contract for five years, which provided Glasscock with an agreed salary of $500 a week and 10% of the net profits from the slip form construction division over which Glasscock was to be general superintendent. These terms were to be incorporated into a written contract drafted by Wilson.

Before the written document was presented to Glasscock, he left his job with Borton and began to work for Wilson. As a consequence, he was required to withdraw from Borton's profit sharing plan, from which he recovered his accumulated benefits. Shortly after beginning work with Wilson, Glasscock was presented with a written agreement. He objected that the method used to figure the 10% net profit was not in accordance with the prior oral agreement. When the dispute was not resolved to his satisfaction, Glasscock terminated his employment with Wilson and returned to work for Borton at his previous salary. However, under the terms of Borton's profit sharing plan, Glasscock lost the longevity points he had accumulated during his employment there and had to be considered as a new employee. Glasscock seeks to recover the value of the lost longevity points.

The primary arguments presented by Wilson on appeal are that (1) promissory estoppel is not available to prevent application of the Kansas statute of frauds to an oral employment contract, (2) the trial court erred in applying estoppel as a matter of law, and (3) Glasscock's lost benefits under the profit sharing plan are not a proper element of damages.

I.

In denying Wilson's motion for summary judgment, the trial judge held that promissory estoppel would be available under Kan-

sas law to protect a plaintiff who has relied to his detriment on an unenforceable oral employment contract. Wilson concedes on appeal that the Kansas courts have not specifically decided the issue. This court has held that "the views of a federal district judge, who is a resident of the state where the controversy arose in a case involving interpretation of state law, carry extraordinary force on appeal where there are no state decisions on point or none which provide a clear precedent." *United States v. Hunt*, 513 F.2d 129, 136 (10th Cir. 1975). "An appellate court is not called upon to decide whether the Trial Court reached the correct conclusion of law, but only whether it reached a permissible conclusion." *Id.*

■ Here the trial court cited the Kansas cases of *Decatur Cooperative Association v. Urban*, 219 Kan. 171, 547 P.2d 323 (1976), and *Marker v. Preferred Fire Insurance Co.*, 211 Kan. 427, 506 P.2d 1163 (1973), both of which support its conclusion although they are not directly on point. In *Decatur*, the syllabus by the court states:

"5. The doctrine of promissory estoppel may render enforceable *any promise* upon which the promisor intended, or should have known, that the promisee would act to his detriment, and which is indeed acted upon in such a manner by the promisee, where application of the statute of frauds to that promise would thus work a fraud or gross injustice upon the promisee."

547 P.2d at 324 (emphasis added). The court in *Decatur* made it clear that the statute of frauds may not be used as a shield to protect fraud. To this end the court emphasized that it has "applied the doctrine of estoppel to cases wherein the statute of frauds would otherwise be applicable as a defense." *Id.* at 329. *See also Harold v. Harold*, 218 Kan. 284, 543 P.2d 1019, 1022 (1975). Accordingly, we hold the trial court conclusion that promissory estoppel would apply to an otherwise unenforceable employment contract is permissible under Kansas law.[1]

## II.

■ Wilson argues in the alternative that the issue of promissory estoppel should have been submitted to the jury rather than applied by the trial court as a matter of law. The jury was instructed that in order to find for Glasscock, it had to determine that there was a contract, that Wilson breached the contract, and that Glasscock was damaged by Wilson's breach. After the jury returned a verdict in favor of Glasscock, the trial court applied the doctrine of promissory estoppel as a matter of law, stating it would follow automatically from the findings of fact by the jury.

Wilson contends on appeal that the trial court committed reversible error in failing to instruct the jury on the factual elements necessary to the application of promissory estoppel. However, not only did Wilson fail to object to the judge's decision not to submit the issue of promissory estoppel to the jury, Wilson actually argued to the trial court that promissory estoppel is "entirely a matter of law . . . ." Rec., vol. III, at 497.

Rule 51, Fed.R.Civ.P.,[2] bars a party from assigning as error the failure to give an instruction unless objection is made before the jury retires. Although this court has

---

1. Wilson contends that under Kansas law, promissory estoppel cannot bar the application of the statute of frauds to employment contracts unless the plaintiff has fully performed. Wilson argues that the Kansas courts have equated the doctrine of promissory estoppel with that of part performance, and cites *Manning v. Woods*, 187 Kan. 418, 357 P.2d 757 (1960), for the proposition that part performance does not remove an oral employment contract from the statute of frauds. While the doctrines of part performance and promissory estoppel are both based in part on the equitable principle of reliance, they are not one and the same, and we do not believe the Kansas courts have held them to be. *See Walker v. Ireton*, 221 Kan. 314, 559 P.2d 340 (1977); *see also* 73 Am.Jur.2d *Statute of Frauds* § 566.

2. Rule 51 provides in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

recognized a narrow exception to the application of Rule 51 in the interest of justice, we have applied this exception rarely. *Prebble v. Brodrick*, 535 F.2d 605, 612 (10th Cir. 1976). Moreover, we have often stated that a party may not complain on appeal of an error which he himself induced or invited. *Neu v. Grant*, 548 F.2d 281, 287 (10th Cir. 1977); *Sanders v. Buchanon*, 407 F.2d 161 (10th Cir. 1969). Here, Wilson urges as reversible error the trial court's acceptance of the position for which Wilson argued vigorously below. Even assuming error, Wilson is hardly in a position to invoke the exception to Rule 51, and we decline to apply it to the facts of this case.

### III.

Wilson contends that the loss incurred by Glasscock when he withdrew from the Borton profit sharing plan is not a proper measure of damages. Glasscock elected to seek recovery of the loss which resulted from his reliance on the contract, rather than the profits he would have received from performance by Wilson.

■ Kansas cases indicate that reliance damages will be awarded under appropriate circumstances where they were reasonably within the contemplation of the parties at the time the contract was made. *See, e. g., Cain Shoes, Inc. v. Gunn*, 194 Kan. 381, 399 P.2d 831 (1965); *Hope v. Sinclair Refining Co.*, 136 Kan. 353, 15 P.2d 432 (1932). In *Lorson v. Falcon Coach, Inc.*, 214 Kan. 670, 522 P.2d 449, 457 (1974), it was expressly held that damages resulting from a plaintiff's detrimental reliance on a defendant's promise of employment are recoverable, even where there is no employment contract for a definite period. This is a traditional measure of damages upon breach of contract where the nondefaulting party chooses to forego recovery of the amount to which he would be entitled under the contract. *See* Fuller & Perdue, *The Reliance Interest in Contract Damages*, 46 Yale L.J. 52 (1936); 5 Corbin, *Contracts* § 1035; 22 Am.Jur.2d *Damages* §§ 159–161. The district court properly held reliance damages to be a correct measure of recovery in this case.

■ Wilson's assertion that a distinction must be made between an out-of-pocket expenditure and the loss of benefits under a profit sharing plan is not supported by Kansas law. Since both of these items represent a financial loss to an injured plaintiff, both are properly included in a measure of damages based on reliance.

■ Wilson's remaining contentions with regard to the issue of damages are that the lost benefits were not contemplated; they were not the result of the contract breach; and they were too speculative. These are all factual issues resolved adversely to Wilson by a jury. They are supported by substantial evidence and may not be disturbed on appeal. *Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp.*, 571 F.2d 1144 (10th Cir. 1978).

Upon careful examination, we find no merit in the additional issues raised by Wilson. In particular, the instructions to the jury, viewed as a whole, apprised the jury of the pertinent law on contracts. Although the instructions were not phrased exactly as Wilson would have liked, Wilson's theory of the case was adequately presented to the jury. *See Marshall v. Ford Motor Co.*, 446 F.2d 712, 714 (10th Cir. 1971).

Affirmed.