**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BARBARA S. COLLINS,

     Plaintiff-Appellant,

v.

OLD REPUBLIC TITLE COMPANY OF
KANSAS CITY, INC.,

     Defendant-Appellee.

No. 97-3255

(D.C. No. 96-2246-GTV)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Defendant Old Republic Title Company of Kansas City (hereafter "Old Republic")

employed Plaintiff as a residential escrow closer in May 1990. Plaintiff was hired as an

at-will employee, who could be terminated at any time with or without cause. In October

1993, Plaintiff served as an escrow closer on the sale of a commercial building by Marian

Walsh to Bruce Smith and Tammy Townsend Smith. At the time of the sale, Plaintiff's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined oral argument would not materially assist the determination of this appeal . See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

family-owned corporation, Rite Way Real Estate, Inc., held a leasehold interest in the commercial building that was the subject of the sale. After the closing, the Smiths filed suit in state court against Plaintiff's company and Defendant alleging breach of trust and fiduciary duties. The Smith's complaint alleged a conflict of interest because Plaintiff served as closing agent on real estate in which she also had a personal interest.

Plaintiff testified that, in order to induce her to defend the Smith lawsuit, Defendant promised her continued employment pending the outcome of the Smith lawsuit. Defendant further assured Plaintiff that no disciplinary action would be taken against her until after the conclusion of the Smith case and any such discipline would depend upon the outcome of the case. Defendant, however, discharged Plaintiff on April 27, 1995, prior to the completion of the Smith lawsuit.[1] Plaintiff then filed this wrongful discharge action in the District Court of Wyandotte County, Kansas, alleging that by discharging her, Defendant (1) breached an oral employment contract to continue her employment until she reached retirement age, providing her work was satisfactory; and (2) under a theory of promissory estoppel, breached a promise of continued employment.

Defendant removed the case to federal district court, see 28 U.S.C. §§ 1332(a), 1441(b), and the case was tried to a jury on June 24-26, 1997. At the close of

---

[1] The Smith case was subsequently resolved in favor of the parties in this case. After a March 1996 jury trial in Kansas state court, the jury entered a verdict in favor of defendants Old Republic Title Company and Rite Way Real Estate Company. The Kansas trial court entered judgment in their favor on April 11, 1996.

Plaintiff's case, Defendant moved for judgment as a matter of law under Fed. R. Civ. P. 50. The district court granted the motion. Plaintiff subsequently filed a Fed. R. Civ. P. 59(a) motion for new trial. On July 30, 1997, the district court denied the motion for new trial. Judgment was entered in favor of Defendant on August 19, 1997.

On appeal, Plaintiff argues that the district court erred in granting judgment as a matter of law on the ground that the type of damages Plaintiff incurred were not recoverable under a theory of promissory estoppel. Plaintiff also argues that she raised a claim for breach of an oral or implied contract of employment, which the district court should have sent to the jury. Our jurisdiction arises under 28 U.S.C. § 1291.

Analysis

We review de novo the grant of judgment as a matter of law. Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996). In doing so, we construe the evidence and inferences in the light most favorable to the nonmoving party, and may not weigh the evidence or substitute our judgment for that of the jury. Id. We will uphold a judgment as a matter of law only if "the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ on the conclusion." Motive Parts Warehouse v. Facet Enterprises, 774 F.2d 380, 385 (10th Cir. 1985). Upon review of the record, we conclude that the district court properly granted judgment as a matter of law.

A.

Plaintiff argues that the district court erred by granting judgment as a matter of law on her promissory estoppel claim. At the close of Plaintiff's case, Defendant moved for judgment as a matter of law, arguing that Plaintiff had not presented any evidence of detrimental reliance damages under Kansas law. In order to recover under a theory of promissory estoppel, Plaintiff must establish that (1) Defendant intended or should have known that Plaintiff would act to her detriment in reliance upon Defendant's promise of continued employment, and (2) Plaintiff did indeed rely on that promise to her detriment. See Patrons Mutual Ins. Ass'n v. Union Gas System, Inc., 830 P.2d 35, 39 (Kan. 1992).

The district court found that there was sufficient evidence to submit to the jury the questions of whether Defendant made a promise of continued employment to Plaintiff and whether Plaintiff relied on that promise. The district court, however, concluded that Plaintiff had not established that she suffered any damages arising directly from her reliance on Old Republic's promises. Thus, the district court found that Plaintiff could not establish that she relied upon Defendant's promise to her detriment and granted judgment as a matter of law for Defendant. On appeal, Plaintiff contends that her damages claim for loss of employment benefits, including lost wages and retirement benefits, and the cost of increased health insurance premiums are recoverable reliance damages under Kansas law.

Contrary to Plaintiff's assertions, these "termination" damages are not recoverable under a theory of promissory estoppel. See Chrisman v. Philips Indus., Inc., 751 P.2d

4

140, 146 (Kan. 1988). In Chrisman, an at-will employee, contended that he transferred from one job to another with the same employer based upon representations from a supervisor that if he performed satisfactorily, his job was secure. Id. at 145. Within a year, however, the defendant terminated his employment. Id. In upholding the lower court's grant of summary judgment in favor of the defendant, the Kansas Supreme Court found no damages other than those sustained for his termination and, as a result, no detrimental reliance. Id. at 146. We find Chrisman controlling in this case. Plaintiff was an at-will employee who upon termination suffered no reliance damages other than lost wages and benefits.[2] See also Lorson v. Falcon Coach, Inc., 522 P.2d 449, 457 (Kan. 1974) (in the absence of express or implied contract to the contrary, at-will employee may not recover lost wages). Plaintiff argues that Glasscock v. Wilson Constructors, Inc., 627 F.2d 1065 (10th Cir. 1980), supports her position. We disagree.

In Glasscock, the plaintiff, after entering into an oral employment contract with the defendant, left his current employer and went to work for the defendant. Id. at 1066. The relationship quickly soured and the plaintiff returned to his previous job. Id. Upon his return, the plaintiff was no longer eligible for certain benefits under a profit-sharing plan.

---

[2] On the first day of trial, Plaintiff withdrew a damage claim for the litigation expenses she incurred in the Smith lawsuit. We agree with the district court that these damages were sustained in reliance upon the promise of continued employment and would be recoverable under a theory of promissory estoppel had Plaintiff not withdrawn them. See Lorson, 522 P.2d at 457 (damages for moving and storage expenses recoverable under quasi-contract theory where the plaintiff relied on promise of employment, and, as a result, incurred these expenses).

5

Id. We held that the benefits the plaintiff lost when he withdrew from his previous employer's profit-sharing plan in order to work for the defendant were recoverable under a theory of promissory estoppel. Id. at 1068. This holding is consistent with Lorson and Chrisman. Glasscock allowed recovery, not of wages or benefits the plaintiff lost when his employment was terminated with the defendant, but instead, lost benefits from his previous employer. Consequently, the district court did not err in granting judgment as a matter of law.

B.

In Count I of her amended complaint, Plaintiff alleged a breach of contract claim based on alleged oral representations that Plaintiff would remain employed by Old Republic until she reached retirement age at 65. One of Defendant's employees, Keith Keirsey, allegedly made these representations during Plaintiff's employment interview. The district court did not submit the breach of contract claim to the jury because the district court concluded that Plaintiff abandoned any such claim prior to trial. On appeal, Plaintiff argues that the trial court should have allowed the jury to decide whether she had an oral employment contract with Defendant based upon the alleged promises of continuing employment. In response, Defendant argues that the district court correctly concluded that Plaintiff abandoned any such claim for breach of contract. We agree.

Prior to trial, Plaintiff filed a pleading with the district court entitled "Plaintiff's Notice of Intent Not to Proceed on Oral Employment Contract Claim." The pleading

6

contained the following language:

> [Plaintiff] does not intend to proceed with, and does voluntarily dismiss her claim based on the oral contract of employment of 1990 entered into between herself and Mr. Kirksey [sic] on behalf of Old Republic Title Company. That claim is no longer in the case and no proof need be given by either party relative thereto.
>
> 1. Plaintiff will proceed upon her cause of action for promissory estoppel, i.e., the inducements and representations made to her by defendant.
>
> * * *
>
> [T]his dismissal of said claim is voluntary.

Plaintiff did not attempt to reinstate a claim for breach of contract during trial. In her reply trial brief, Plaintiff stated that she has "abandoned the breach of oral employment contract claim" and "proceeds only on . . . plaintiff's claimed detrimental reliance upon promises made by defendant in connection with plaintiff's continued employment with defendant." Plaintiff did not submit proposed jury instructions on breach of contract. In addition, Plaintiff objected to several of Defendant's proposed jury instructions which referenced oral contracts of employment because the "plaintiff is no longer proceeding on an oral employment contract [theory]" and "plaintiff has elected only to proceed on the theory of promissory estoppel." Plaintiff also referred to instructions on breach of an oral contract of employment as "instructions on non-issues in the case" which as such "are not needed."

Plaintiff now argues that the district court "misunderstood" her claims and that Plaintiff did, in fact, proceed to trial on a breach of contract claim based, not on a promise of employment until she reached retirement age, but instead on Defendant's alleged

7

promises of continued employment pending the outcome of the Smith case. The record, as set forth above, clearly contradicts Plaintiff's argument.[3] The record makes clear that Plaintiff did not proceed with <u>any</u> breach of contract claim. Consequently, the district court properly concluded that Plaintiff abandoned her claim prior to trial. Therefore, the district court did not err by not submitting the claim for breach of an oral employment contract to the jury.

For the reasons stated above, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[3] Furthermore, Plaintiff's motion for new trial did not raise this issue. Generally, we do not address an issue that was not presented to the district court, and we see no reason to do so in this case. <u>See</u> <u>Seymore v. Shawver & Sons, Inc.</u>, 111 F.3d 794, 798 (10th Cir. 1997).